[S. F. No. 2882.  Department Two.—November 3, 1904.]

WILLIAM GRANT, Appellant, v. W. D. BANNISTER, DAVID HEARFIELD, EDWARD MURPHY, SHERMAN WETMORE, JAMES McCORMICK, B. A. OGDEN, and THE VINE SPRING MINING COMPANY, a Corporation, Respondents.

ORDER CHANGING VENUE—RESIDENCE OF DEFENDANTS—CONVENIENCE OF WITNESSES—PRESUMPTIONS UPON APPEAL—DISCRETION—All presumptions upon appeal are in favor of an order changing the place of trial. Where the motion was made on the ground that all the defendants save one were residents of the county to which the venue was changed, and that he was not a proper or necessary party to the action, and also on the ground that the convenience of witnesses and the ends of justice would be promoted by the change, supported by affidavits, if it be conceded that such defendant was a proper and necessary party, the order may be supported on the second ground stated in the motion, and it will not be disturbed upon appeal where no abuse of discretion appears.

ID.—ACTION TO QUIET TITLE TO STOCK OF CORPORATION—PLACE OF TRANSACTION—RESIDENCE OF WITNESSES—GENERAL AFFIDAVITS IN SUPPORT OF ORDER.—Where the action was brought to quiet title to stock in the corporation defendant having its place of business in the county to which the venue was changed, and the transactions involved in the cause of action and defense took place in that county, and the plaintiff's grantor and all defendants owning stock reside therein, and plaintiff has business relations therein, although both the affidavits for defendants and the counter-affidavits of plaintiff as to the convenience of witnesses were too general, in merely stating their residence without giving their names and the testimony expected from each, and little importance would be attached to defendant's affidavit had the motion been denied, yet where it was granted, taking their affidavits in connection with the pleadings and papers on file, and the same general character of the counter-affidavits, it cannot be said that there was not sufficient basis for the order.

ID.—STIPULATION FOR TIME TO PLEAD—MOTION FOR CHANGE OF VENUE.— A stipulation giving to the defendant further time to plead carries with it the right to move for a change of venue at the time of pleading under the statute, notwithstanding the allowing of "additional time to make a motion in said action" was striken from the stipulation.

APPEAL from an order of the Superior Court of Marin County changing the place of trial.  F. M. Angellotti, Judge.

The facts are stated in the opinion of the court.

Mullany, Grant & Cushing, for Appellant. .

The affidavits for convenience of witnesses were insufficient in not stating the names or evidence of the witnesses. (*Cook* v. *Pendergast,* 61 Cal. 77; *Loehr* v. *Latham,* 15 Cal. 419; *Anonymous,* 6 Cow. 389; *Price* v. *Fort Edwards, W. Works,* 16 How. Pr. 51; *People* v. *Hays,* 7 How. Pr. 249; *American Ex. Bank* v. *Hill,* 22 How. Pr. 29; *Hubbard* v. *Insurance Co.,* 2 How. Pr. 152.) The right to change the venue was waived. (*Hearne* v. *De Young,* 111 Cal. 376; Code Civ. Proc., sec. 395.) One of the defendants residing in Marin County was sufficient to defeat the motion on the ground of residence of the defendants. (*Hearne* v. *De Young,* 111 Cal. 376.)

R. H. Countryman, and Ralph C. Harrison, for Respondents.

The motion was properly granted on both grounds. Plaintiff cannot by joining an unnecessary party deprive real defendants who are non-residents of the county from their right to change the venue to the place of their residence. (*Sayward* v. *Houghton,* 82 Cal. 630; *Brady* v. *Times-Mirror Co.,* 106 Cal. 56.) In determining the motion the court had the right to consider the pleadings in connection with the motion. (*Lake Shore Cattle Co.* v. *Modoc L. and L. Co.,* 108 Cal. 261.) The decision of the court on conflicting affidavits will not be reviewed, no abuse of discretion appearing. (*Bowers* v. *Modoc L. and L. Co.,* 117 Cal. 50; *Hanchett* v. *Finch,* 47 Cal. 192.) The statutory right to make the motion was not waived by appearance or by stipulation granting time to plead. (Code Civ. Proc., sec 396; *Fletcher* v. *Maginnis,* 136 Cal. 362.)

COOPER, C.—This action is brought to quiet plaintiff's title to, and have it adjudged that he is the owner of, two hundred and fifty shares of the capital stock of defendant corporation. All the defendants except Hearfield and the corporation are directors of defendant corporation.

Defendants at the time of pleading moved for an order changing the place of trial from the county of Marin, where

the action was commenced, to the county of Tuolumne, upon the grounds,—1. That the county of Marin is not the proper place for the trial of the said action, for the reason that the residence of each of the defendants except Hearfield was at the time the action was commenced, and ever since has been, in Tuolumne County, and that while Hearfield was and is a resident of Marin County, he is not a necessary or proper party defendant, but was made such defendant for the purpose of preventing a change of venue from Marin County; and 2. That the convenience of witnesses and the ends of justice will be promoted by the change. The motion was made and granted upon the pleadings and affidavits filed by the respective parties. This appeal is from the order granting the motion.

If it be conceded that Hearfield was a necessary and proper party, the order may be sustained on the second ground stated in the motion. All presumptions are in favor of the order of the trial court, and unless there is reason to believe that it has abused its discretion this court will not interfere. (*Hanchett* v. *Finch,* 47 Cal. 192.)

It clearly appears that the transaction out of which plaintiff's cause of action arose, as well as that upon which defendants rely for their defense, took place in the county of Tuolumne. The defendant corporation has its place of business there. McPherson, the person from whom the plaintiff claims to derive his title to the shares of stock, and who is necessarily the important and material witness outside the parties, resides in that county. All the defendants who claim to be the owners of the stock reside in that county, and it is reasonable to suppose that they will either be witnesses or be present at the trial in their own interest. The affidavit of Bannister, which is not denied, states that plaintiff is largely interested in business in Tuolumne County, and that he is often in said county looking after his private affairs.

Appellant contends that the affidavits used by defendants on their motion for a change of venue are insufficient because they contain only a general statement "that all the witnesses in this case who are necessary or material to the trial thereof, except the plaintiff, reside in said Tuolumne County."

The affidavits would have been much more satisfactory if they had contained the names of the witnesses and the testi-

mony expected from each, and if the court below had denied the motion we would attach little importance to such affidavits, had defendants appealed. But the court granted the motion, and we cannot say that the affidavits in connection with the pleadings and the papers on file were not sufficient as a basis for the order. Particularly is this so in face of plaintiff's only affidavit to retain the case in Marin County, which contains only the general statement "that he will have at least four witnesses, all of whom reside either in San Francisco or Santa Rosa, Sonoma County." All parties seem to have relied upon general statements in their affidavits, and we do not think the statements of one any more subject to criticism than the statements of the other in this regard. It is stated and conceded that McPherson is a material witness, and that he resides in Tuolumne County. Where six defendants and the only material witness named reside in the county to which the place of trial is changed, we cannot say that the ends of justice will not be promoted by the order.

It is claimed that the defendants waived their right to move for a change of venue for the reason that they asked plaintiff's attorneys for a written stipulation for thirty days' additional time to plead or move in said action. Plaintiff's attorneys refused to grant further time to defendants' attorneys to move or make a motion, but modified the proposed stipulation by striking from it the words allowing additional time to move or make a motion in said action, thus extending the time to plead only. We can regard only the written stipulation. As modified it extended the time to plead, but was silent as to any time in which to make a motion. The statute gave the defendants the right to make the motion "at the time they appeared and answered or demurred." The stipulation giving further time to plead carried with it the right to move for a change of venue at the time of pleading.

We advise that the order be affirmed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.          McFarland, J., Lorigan, J., Henshaw, J.