[Civ. No. 391.   Third Appellate District.—January 4, 1908.]

ENNIS-BROWN CO., a Corporation, Respondent, v. E. O. LONG and THOS. KIRK, Jr., Copartners, etc., Appellants.

CHANGE OF PLACE OF TRIAL—CONVENIENCE OF WITNESSES—SHOWING BY AFFIDAVITS—MATERIALITY—CONTENTS OF TESTIMONY—DISCRETION OF COURT.—Upon a motion by the defendants to change the place of trial for convenience of their witnesses, the affidavits in support of the motion must show that the witnesses are material and necessary to the defendants, and must state what is expected to be proved by them, that the court may judge of their materiality; and upon their failure to state what the witnesses would testify to, the court did not abuse its discretion in denying the motion.

ID.—AFFIDAVIT IN ACTION FOR BREACH OF CONTRACT—ADMISSIBILITY OF ORAL AGREEMENT—CONCLUSION OF AFFIANT.—Where the change of place of trial was sought in an action for breach of contract, a statement in an affidavit for the defendants that the memorandum of the contract was indefinite as to its terms and the amount of consideration, and was subject to an oral agreement made part of the transaction, averred merely the conclusion of the affiant. The written memorandum should have been set forth so that the court could judge whether the established rules of law would admit of oral proof to show that it was subject to such agreement, as claimed.

APPEAL from an order of the Superior Court of Sacramento County refusing to change the place of trial.   P. J. Shields, Judge.

The facts are stated in the opinion of the court.

L. T. Hatfield, for Appellants.

W. E. Kleinsorge, for Respondent.

CHIPMAN, P. J.—Motion to change the place of trial. The action is for damages for breach of an alleged written contract, whereby defendants agreed to sell and plaintiff agreed to purchase certain 900 sacks of beans to be delivered at Bradford Wharf No. 2, Contra Costa county.

Defendant moved the court to change the place of trial to the superior court of Contra Costa county on the ground of the convenience of witnesses. The motion was denied and defendants appeal from the order.

Defendant Long made affidavit that the alleged transaction, the subject of the action, took place in Contra Costa county, and that affiant was the only person on behalf of defendants who entered into any arrangement with plaintiff in relation to the alleged agreement; that one Coggshall, acting as plaintiff's agent, on October 19, 1905, "visited the premises occupied by this affiant and his codefendants on Bradford Island and examined said beans . . . and offered to purchase the same for the price (stating terms) and that he would pay . . . (on October 22, 1905) the sum of five hundred dollars; . . . that he would receive said beans and pay the balance of the purchase price of said beans at said Bradford No. 2, on or before October 25, 1905; and that if he did not make such payment of $500.00 within the time mentioned and receive and pay for all of said beans as stated above affiant and his cotenants were to be released from all obligations to sell said beans to plaintiff." It is then stated that plaintiff failed to make said payments or any thereof. "That there was present having personal knowledge of the terms and conditions of said proposed sale of said beans the following persons, each of whom heard the terms and conditions of said proposed sale, to wit (naming three persons residents of Contra Costa County) "; that affiant resides at Stockton "and that by reason of his business arrangements it is much more convenient for him to attend the trial of this action at the county seat of Contra Costa County than elsewhere"; that defendant Kirk is a resident of Los Angeles and that it is "equally as convenient for said Kirk to attend the trial . . . at Contra Costa County as it is in the county seat of Sacramento County." (A later affidavit stated that Kirk's residence is now in San Francisco.) It is also stated that one Hanselman, a resident of Contra Costa county, is a necessary witness for defendants in the case, but it is not shown what he would testify to. It is then stated: "That a memorandum of agreement to sell said beans was entered into in writing between plaintiff and affiant, but that said memorandum was indefinite as to the terms and the amount of consideration

and was subject to the agreement made part of the transaction touching the payments hereinabove set forth.''

In a counter-affidavit, E. S. Brown, president of plaintiff corporation, denies that said Long is the only one of defendants who entered into said agreement with plaintiff; admits the agency of Coggshall and that he made the purchase alleged, but denies that Coggshall agreed to make the payments as alleged in the affidavit of said Long; denies on information and belief the allegations in Long's affidavit as to the presence of certain named persons when said contract was made, and on information and belief denies the allegations as to their residence and also as to its being more convenient for defendant Long to attend the trial at Contra Costa county than at Sacramento. ''Denies that said memorandum of agreement to sell said beans was indefinite as to its terms and the amount of consideration, and denies that the same was subject to the agreement made part of the transaction touching the payments as set forth in said affidavit of defendant E. O. Long.'' The affidavit then states the names of several witnesses who reside at Sacramento, and states what it is expected to be proved by them, including the making of said contract, the market value of said beans at the nearest place to said Bradford wharf at the time said beans were to be delivered, and the damage sustained by plaintiff by the failure of defendants to deliver said beans in accordance with the contract set forth in plaintiff's complaint.

Defendant Long replied by affidavit denying some of the statements of affiant Brown and reiterating many of the facts stated in his first affidavit. Defendant Kirk also made affidavit to some of the facts stated by defendant Long in his affidavit to which he refers as to what the Contra Costa county witnesses will testify to.

Defendants and their counsel filed a statement admitting defendants' failure to deliver the beans as agreed and that the market value of the beans at Bradford wharf was the price agreed upon and that the beans could not have been procured for a less price at any time; ''and this admission as to the value and failure to deliver is made to avoid the necessity of plaintiff producing any of the witnesses mentioned in the affidavit of E. S. Brown for the purpose of showing the value and character of the beans involved in this controversy.''

Other matters are set forth in the several affidavits, but the foregoing is sufficient for present purposes.

The motion is made under subdivision 3, section 397 of the Code of Civil Procedure. Defendants seek to support their motion principally upon the ground that certain persons were present when Coggshall and defendant Long entered into the agreement and that they reside in Contra Costa county, where it would be more convenient for them to attend upon the trial as witnesses than at Sacramento. The affidavit fails to state what these witnesses would testify to. The statement that they were personally present and had "personal knowledge of the terms and conditions of said proposed sale . . . and heard the terms and conditions" does not imply that they would testify to defendants' version of the contract. *Non constat*, but that they would testify against defendants. The only ground upon which defendants could successfully urge the convenience of these witnesses is, that they are material and necessary to support defendants' contention, and unless they so show in support of their motion it would be properly denied. To show that they were material witnesses for defendants the trial judge should be informed of what they would testify to. (*Cook* v. *Pendergast*, 61 Cal. 72, 77.) In *Grant* v. *Bannister*, 145 Cal. 219, [78 Pac. 653], speaking of a similar motion, it was said: "If the court below had denied the motion we would attach little importance to such affidavits, had defendant appealed." In that case the affidavit read: "That all the witnesses in the case who are necessary or material to the trial thereof, except the plaintiff, reside in said Tuolumne county." In *Cook* v. *Pendergast* the court said: "The affidavits should state what is expected to be proved by the witnesses, that the court may judge (in view of the issues) of their materiality." The rule is in every view reasonable and entails no hardship upon the moving party. The discretion of the court, exercised under the subdivision cited, will not be reviewed except for its abuse. We cannot say that the court abused its discretion in view of the fact that defendants failed to inform the court what the witnesses named would testify to.

It was stated in Long's affidavit that the written contract "was indefinite as to the terms and the amount of consideration." This is but the conclusion of affiant. The written

memorandum should have been set forth so that the court could judge whether or not its terms were indefinite and whether, under established rules of law, the contract would admit of oral proof to show that it was "subject to the agreement made part of the transaction," as claimed by defendants.

The stipulation or admission of defendants, assuming that it accomplished its object so far as it went, does not reach the principal question involved, namely, what were the terms of the alleged written contract and how far, if at all, these terms were modified or explained by the alleged parol agreements. It appears from Brown's affidavit that Coggshall resides at Grand Island, Sacramento county. Upon appellants' showing he and Long were the only parties having knowledge of what took place when the contract was entered into, except the certain witnesses who, Long deposed, were present. But what these witnesses would testify to is not shown. Brown denied (not on information and belief) that the written memorandum "was subject to the agreement made part of the transaction touching the payments as set forth in said affidavit of defendant E. O. Long."

It seems to us that the trial court exercised a discretion with which we should not interfere.

The order is affirmed.

Burnett, J., and Hart, J., concurred.