[Civil No. 1041.   Filed March 27, 1908.]

[94 Pac. 1127.]

GREENE CATTLE COMPANY, a Corporation, Plaintiff and Appellant, v. FRANK H. HEREFORD et ux., Defendants and Appellees.

1. VENUE—ACTION CONCERNING LAND—ENFORCEMENT OF TRUSTS—REV. STATS. ARIZ. 1901, PAR. 1294, SUBD. 12, CONSTRUED.—Under paragraph 1294, subdivision 12, *supra,* providing that all suits concerning real estate must be brought in the county in which the real estate or a part thereof is situated, a resident of Pima county was properly sued in Cochise county to compel him to convey to the plaintiff certain lands which he, as attorney for plaintiff, had purchased in Cochise county, procuring the title in his own name, with the understanding that he should convey title to plaintiff upon request.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the county of Cochise. Fletcher M. Doan, Judge.   Reversed and remanded.

The facts are stated in the opinion.

Eugene S. Ives, and S. L. Pattee, for Appellant.

The expression "all other suits concerning real estate" is a broad one, and includes everything which relates to the title or right of possession of real estate.   Under a similar statute it has been held that an action for the specific performance of a contract for the sale of land was an action concerning real estate, and should be brought in the county where the land lies rather than the county in which the defendant resides. *Ensworth* v. *Holly,* 33 Mo. 370.   The same ruling has been made by the supreme court of California under a statute which does not differ in legal effect. *McFarland* v. *Martin,* 144 Cal. 771, 78 Pac. 239.   The allegations of the defendant's pleas that deeds had been prepared, signed and acknowledged, and retained, without delivery, by the defendant F. H. H. cannot affect the jurisdiction of the court.   The jurisdiction is to be determined by the complaint alone.  *McFarland* v. *Martin, supra.*   "Matter stated in an answer of a defendant in a proceeding in a court of

justice can neither give nor take away the jurisdiction of the court to hear and determine the cause.'' *Neihardt* v. *Kilmer,* 12 Neb. 35, 10 N. W. 531.

Frank H. Hereford, *in pro per.*

This court has declared that a suit, the remedy of which will directly affect and operate upon the person of the defendant, and not upon the subject matter, is a personal suit, ''although the subject matter is referred to in the decree and the defendant is ordered to do or refrain from doing certain acts toward it, and it is thus ultimately, but indirectly, affected by the relief granted.'' *Butterfield* v. *Nogales Copper Co.,* 9 Ariz. 212, 80 Pac. 345. There can be no doubt but that the'suit at bar is one for specific performance, and such judgment or decree as is rendered would operate *in personam* absolutely. ''There is no doubt that specific performance, looking alone to its language, operates *in personam* entirely, and that as a consequence, independently of a statute, a suit to compel the execution of title papers can be brought only in the county of the defendant's residence.'' *Close* v. *Wheaton,* 65 Kan. 830, 70 Pac. 891. ''But this suit is a proceeding *in personam* merely, in which a decree is sought against the person and not against the property, and it is wholly immaterial whether the land which was the subject of the complaint be or be not within the jurisdiction of the court. . . . This is a proceeding strictly *in personam,* and the party must be not technically, but actually and really, before the court and within its jurisdiction.'' *Close* v. *Wheaton, supra; Spurr* v. *Scoville,* 3 Cush. (Mass.) 578; Pomeroy's Equity Jurisprudence, sec. 318; *Wood* v. *Thompson,* 5 Cal. App. 247, 90 Pac. 38; *Massie* v. *Watts,* 6 Cranch (U. S.), 148, 3 L. Ed. 181; *Morgan* v. *Bell,* 3 Wash. 554, 28 Pac. 927, 16 L. R. A. 614; *Bethell* v. *Bethell,* 92 Ind. 322; *Brown* v. *Desmond,* 100 Mass. 267; *Mitchell* v. *Bunch,* 2 Paige, 606; *Miller* v. *Rusk,* 17 Tex. 170; *Cavin* v. *Hill,* 83 Tex. 73, 18 S. W. 324. Our statutes provide that no person shall be sued out of the county in which he resides except in certain cases thereafter enumerated, amongst which exceptions is one relied upon by appellants herein, viz., ''concerning real estate.'' Rev. Stats. 1901, par. 1294. Where the enacting clause is general in its language and objects, and a proviso is afterward introduced, that proviso is construed strictly, and takes no case out of the connecting clause which does not

fall fairly within its terms. *United States* v. *Dickson,* 15 Pet. 165, 10 L. Ed. 689; *Roberts* v. *Yarbro,* 41 Tex. 452; *Appeal of Clark,* 58 Conn. 207, 20 Atl. 456; *Townson* v. *Denson,* 74 Ark. 302, 86 S. W. 661; *Tyson* v. *Britton,* 6 Tex. 224.

SLOAN, J.—The appellant filed its complaint in the district court of Cochise county alleging that appellee Hereford held the legal title to certain lands in Cochise county, which had been purchased by Hereford from the United States and patents issued to him from the government, and that in so procuring title to said lands Hereford acted as the attorney for the plaintiff and procured said title for the use and benefit of the plaintiff and at its cost and expense, and upon the understanding and agreement that he should convey said legal title to the plaintiff upon its request; that the plaintiff, at the time of the filing of the suit, had been in the possession of the land for more than two years last past; that Hereford has refused and neglected to convey the legal title to said lands to the plaintiff, although demand has been made upon him for such conveyance. The prayer of the complaint was: (1) That plaintiff be decreed to be the owner and entitled to the possession of the land described in the complaint, and that the defendants and each of them be barred and estopped forever from having or claiming any right, title or interest in or to the same; (2) that Hereford be adjudged and decreed to hold the legal title to said land in trust for the plaintiff, and that he be required forthwith to convey the same to the plaintiff; (3) that plaintiff have such other and further relief as to the court should seem just and equitable. The defendants demurred to the complaint upon the ground that the court had no jurisdiction of the persons of the defendants, for the reason that the complaint showed that they were residents of the county of Pima, and that the cause of action stated, being one *in personam,* did not come within any of the exceptions of paragraph 1294, Revised Statutes of 1901. By way of plea in abatement the defendants objected to the jurisdiction of the court on the grounds that the suit did not concern real estate, or any right or title to or interest in the same, in that it involved the specific performance merely of a contract, namely, the making or signing of a deed to certain land, and for the further reason that the defendants made no claim to pos-

sess any right, title or interest in the said land, or to the use, possession or enjoyment thereof, and for the further reason that they had theretofore made, signed and acknowledged deeds conveying all of the lands patented to plaintiff, but that they held the same, claiming the right to the possession thereof, and that therefore the only matter in issue in the case was the right to the possession of said deeds and conveyances. The trial court sustained the pleas to the jurisdiction thus made, and dismissed the action. From this ruling the Greene Cattle Company, plaintiff below, has appealed.

Manifestly the only question involved is whether the case made in the complaint falls within the exception to paragraph 1294, Revised Statutes of 1901, which requires suits to be brought in the county where the defendant resides, made by subdivision 12 of the paragraph, which reads: "Suits for the recovery of real estate, for damages thereto, for rents, profits, use and occupation thereof, for partition thereof, to quiet title thereto, to remove a cloud or encumbrance on the title thereto, to foreclose mortgages and other liens thereon, to prevent or stay waste or injuries thereto, and all other suits concerning real estate, must be brought in the county in which the real estate or a part thereof is situated." This subdivision specifically includes every species of action which can in any way relate to realty except actions to declare and enforce a trust, or actions to specifically enforce a contract; and we think the former, if not both of these classes, is necessarily included in the clause "all other suits concerning real estate." It seems clear that the purpose of the legislature was to except from the general provision of the statute every kind of an action which may be based upon title, either legal or equitable, or right of possession of real property. If any authority is needed to support the proposition that the case as made in the complaint does concern real estate, a case in point is that of *McFarland* v. *Martin,* 144 Cal. 771, 78 Pac. 239. This case holds that a suit to compel conveyance of a title held in trust comes within the provision of the Code of Civil Procedure of that state requiring that actions "for the recovery of real property or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property," must be brought in the county in which the subject of the action or some part thereof, is situated. This case also holds that the venue of the suit is to be determined from the character

of the complaint, and from the character of the judgment which might be rendered upon a default therein. To the same effect is the case of *Booker* v. *Aitken*, 140 Cal. 471, 74 Pac. 11. The case of *Butterfield* v. *Nogales Copper Co. et al.*, 9 Ariz. 212, 80 Pac. 345, cited by appellee, is not in conflict with this view. That was a case brought by Butterfield and others against the Nogales Copper Company, an Arizona corporation, the Cerro Prieto Mining Company, a Mexican corporation, and five individuals, four of them being residents of Santa Cruz county, and the fifth a resident of Mexico. The suit was one in equity to establish a trust arising out of certain frauds alleged to have been perpetrated by the defendants, and to compel a conveyance of mining property situated in Mexico. The question there decided was not one of venue under the statute, but one of jurisdiction in the court to entertain the suit and to grant the relief prayed for, in view of the fact that the trust sought to be established and the conveyance sought to be compelled related to property in Mexico. We held that the court, having acquired jurisdiction over the persons of the defendants, had jurisdiction over the subject matter of the suit for the reason that it was of the class of cases in which equity operates directly upon the person of the defendant, although ultimately and indirectly upon the property. The rule is that, ordinarily, equity, having jurisdiction of the person of the defendant, will, in case of fraud, trust or contract, grant relief, though it affects land without the jurisdiction of the court, on the principle that in equity the primary decree is *in personam* and not *in rem*. *Harris* v. *Pullman*, 84 Ill. 20, 25 Am. Rep. 416. Where the property is without the jurisdiction of the court, equity acts primarily and properly on the person, and at best only collaterally on the property. Where both the person and the property affected be within the jurisdiction of the court, the decree may, and usually does, operate, not only directly against the person of the defendant but directly against the property, and may be conclusive and confer immediate title as well as immediate right of possession. Paragraph 1430, Revised Statutes of 1901, specifically so provides. The Butterfield case, being of the former class of suits, is not analogous to this, and its determination was quite apart from any consideration of subdivision 12 of paragraph 1294.

Our view of the statute and the nature of the case made in the complaint renders it unnecessary to determine the

question as to whether the defendants, by filing an answer to the merits at the time they objected to the jurisdiction of the court, waived their right to be sued in the county of their residence, and we express no opinion, therefore, on this point.

We hold that the complaint made out a case properly triable in the district court of Cochise county, and the judgment is therefore reversed, and the cause remanded for further proceedings in keeping with this opinion.

KENT, C. J., and CAMPBELL and NAVE, JJ., concur.