[Civ. No. 3746. First Appellate District, Division One.—January 29, 1921.]

CAMILLE WRENNE, Respondent, v. A. H. HUCHTING, Appellant.

[1] PLACE OF TRIAL—DELAY IN FILING PAPERS—DENIAL OF MOTION—ABUSE OF DISCRETION.—Where, one day after the legal time for appearing has expired, his default for failing to appear not having been entered, a defendant serves and files his demurrer and the moving papers on a motion for change of place of trial to the county of his residence, it is an abuse of discretion on the part of the trial court to deny the motion upon the ground that the moving papers were served and filed too late.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion for change of place of trial. Grant Jackson, Judge. Reversed.

The facts are stated in the opinion of the court.

Benjamin W. Shipman and Henry O. Wackerbarth for Appellant.

No appearance for Respondent.

WASTE, P. J.—The defendant appeals from an order denying his motion to change the place of trial of the action from Los Angeles to San Diego County. Respondent has made no appearance in this court.

Defendant served on plaintiff, and, at the time he appeared and filed his demurrer, filed a sufficient affidavit of merits, a proper demand for change of place of trial and a notice of motion for change of venue. In due time he brought the motion on for hearing and it was denied. On the moving papers the defendant was clearly entitled to have the trial of the action changed from the county of Los Angeles, wherein it was brought, to the county of San Diego, in which he resided. No counter-affidavits were filed and no showing was made in opposition to the motion. The record is silent as to the ground upon which the motion was denied. If, as suggested by the appellant in his brief, it was because the demurrer and the moving papers on motion for change of place of trial were filed one day after the expiration of the time limited for the defendant to appear, there was no justification for the court's action, and we are at a loss to understand its ruling in face of the well-considered decisions of the courts of this state.

[1] It appears that the defendant was served with a summons and a copy of the complaint in San Diego County. Consequently, he had thirty days in which to appear in the action. He served and filed his demurrer and the moving papers on the motion for change of place of trial on the thirty-first day. His default for failing to appear had not been entered and the plaintiff had not made any move to have such steps taken. By such conduct the plaintiff, in effect, granted additional time in which the defendant might appear, and he was not strictly in default when he filed the moving papers. (*Reher* v. *Reed*, 166 Cal. 525, 528, [Ann. Cas. 1915C, 737, 137 Pac. 263]; *Bank of Haywards* v. *Kenyon*, 32 Cal. App. 635, 636, [163 Pac. 869].) It was an abuse of discretion, therefore, on the part of the trial court, to deny the motion for a change of place of trial upon the ground that the moving papers were served and filed too late. As no other reason appears, the order must be reversed.

This court had cause to complain during the calling of the recent calendar at the action of certain respondents

in failing to file their reply briefs. In the instant case, however, we can well understand why the respondent did not have the temerity to attempt to defend the erroneous order of the lower court.' The defendant should not have been forced to resort to an appeal to secure his rights in the matter. He has been put to unnecessary expense, trouble, and delay, the labors of the appellate court have been increased, and its calendar burdened with a case to the exclusion of others which present meritorious controversies for consideration. We cannot but view with disfavor the apparent equanimity with which the respondent has sat idly by in enjoyment of an order to which she was not entitled.

The order denying defendant's motion for change of place of trial is reversed.

Richards, J., and Kerrigan, J., concurred.