266 P.2d 1088

**TRIBOLET v. FOWLER.**

No. 5823.

Supreme Court of Arizona.

Feb. 16, 1954.

Shute & Elsing, Phoenix, and Hall, Catlin & Molloy, Tucson, for appellant.

Bob Barber and Franklin E. Vaughan, Tucson, for appellee.

STANFORD, Justice.

On September 20, 1951, the parties to this action entered into a written agreement reading in part as follows:

"Witnesseth: Party of the first part, for and in consideration hereinafter named, has this day granted, bargained and hereby sells and agrees to deliver f. o. b. cars at Buyers Option Casa Grande or Tucson, [certain cattle] * * *."

An action was brought by Tribolet in the county of Pinal in which he alleged that the defendant Fowler had failed, neglected and refused to deliver the cattle. On February 11, 1952, Fowler filed a motion and affidavit in the Pinal County court claiming that Pinal County was not the proper coun-

ty where the action should have been instituted, but that Pima County, the county of his residence, was the proper county. On the 15th day of February, 1952, the plaintiff Tribolet, by written pleading, objected to the transfer of the cause from Pinal to Pima county on the ground that

"This action is based upon a contract to be performed in Pinal County. Under Sec. 21–101, subdivision 5, A.C.A. 1939, the proper venue of this action is laid in Pinal County."

The cause was transferred to the Superior Court of Pima County where plaintiff made and was denied a motion to remand the case to the Superior Court of Pinal County. A trial was had before a jury which returned a verdict in favor of the defendant on the plaintiff's complaint and in favor of defendant against the plaintiff on a counterclaim. Plaintiff appealed, making nine assignments of error. The first assignment of error determines this case and is as follows:

"1. The court erred in refusing to remand case No. 37510 to the Superior Court of Pinal County, Arizona, because the Superior Court of Pinal County, Arizona, was without jurisdiction to enter the order transferring the cause to Pima County, and therefore Pima County acquired no jurisdiction to hear it."

Plaintiff contends that where a contract provides for performance of that contract in a certain county, such county is a proper county for enforcing the contract.

Section 21–101, A.C.A.1939, reads as follows:

"5. Persons who have contracted in writing to perform an obligation in one county, may be sued in such county or where they reside."

To determine whether the action was properly brought in the Pinal County court, in the absence of facts alleged which are not in the bounds of the above statute and Section 21–102 subsequently quoted herein, the court must look to the complaint to determine venue, Miles v. Wright, 22 Ariz. 73, 79, 194 P. 88, 12 A.L.R. 970; Greene Cattle Co. v. Hereford, 11 Ariz. 403, 94 P. 1127; Weygandt v. Larson, 130 Cal.App. 304, 19 P.2d 852; Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 1937, 84 S.W.2d 533. To do this, the complaint must be construed liberally in favor of the pleader. On applying these principles we see that this complaint clearly shows that Casa Grande, Pinal County, Arizona, was the place where the contract was to be performed and therefore said county was the proper place of venue under Section 21–101, subsection 5, supra. The complaint alleges: plaintiff is a resident of Maricopa County and defendant is a resident of Pima County, Arizona; the contract, including the aforequoted portion; that in the performance of the contract and in the exercise of the option plaintiff had demanded delivery of the

cattle at Casa Grande; a breach by non-delivery and damages.

 Section 21–102, A.C.A.1939, provides:

"If the action be not brought in the proper county, the court shall nevertheless have jurisdiction thereof, and may hear and determine the cause, unless the defendant shall, before the expiration of the time allowed to answer, file with the clerk of the court * * * an affidavit of the defendant, his agent or attorney, stating that the county in which the action is brought is not the proper county and stating the county of the defendant's residence, and praying that the action be transferred to the proper county. * * * unless such affidavit be controverted under oath, within five (5) days after such service the court shall order the action transferred to the proper county. If the affidavit be controverted the court shall hear the issue thus presented as upon an application for change of venue, and shall order the action retained in the court in which it is brought, or transferred to the proper county." (Emphasis supplied.)

This section is in line with the general rule that where the superior court in which the action is originally brought is a proper county under statute, venue cannot be changed as a matter of right under the facts as presented in this case. Miles v. Wright, supra. State ex rel. Flambeau River Lumber Co. v. Reid, 206 Wis. 478, 240 N.W. 149.

In the Miles case, supra [22 Ariz. 73, 194 P. 90], this court said that this section of the statute:

"* * * provides that a transfer may be had upon application, 'if the county in which the action is brought be not the proper county * * *'. This presupposes a showing, either from the complaint or application, or both, that the defendant asking the transfer is privileged to be sued in another county than the one where the suit was brought."

 Under Section 21–102, supra, the defendant by the clear meaning of the words of this statute has the right to apply for a transfer of venue only if the action be brought in an improper county. Where a transitory action is properly brought in a county other than the county of defendant's residence, under one of the exceptions of 21–101, supra, we hold that the defendant has no right to request a change of venue to the county of his residence on the grounds that the action was not brought in a proper county. Such being the case the Superior Court of Pinal County committed error in transferring this cause to Pima County.

 Defendant claims that the failure of plaintiff to controvert under oath defendant's affidavit that Pinal County was not the proper county because defendant

was a resident of Pima County, left no alternative for the superior court other than to transfer the cause of action to the county of defendant's residence. This claim is without merit. Section 21–102, A.C.A.1939, has no application whatever to the instant case where the complaint shows upon its face that the action could be brought either in Pinal County, where the contract was to be performed, or in Pima County, where the defendant resides, unless the affidavit supporting the application for venue change disputes the facts in the complaint, which if undisputed establishes proper venue. Section 21–102, supra, is only applicable where either the complaint or defendant's affidavit shows the county in which the cause of action is filed is an improper county. Adamson v. Bergen, 15 Colo.App. 396, 62 P. 629; Dee v. San Pedro, L. A. & S. L. R. Co., 50 Utah 167, 167 P. 246. Section 21–101, A.C.A. 1939 expressly placed venue of this cause of action in Pinal County at the election of plaintiff. It was therefore a proper county in which to file said cause of action. Defendant's affidavit in support of his motion for transfer of the cause to Pima County is based exclusively upon the fact that defendant resides in that county. It did not controvert the allegation in the complaint that the contract between plaintiff and defendant, out of which this litigation grew, provided for its performance in Pinal County at plaintiff's option, which it was alleged had been exercised, calling for performance in Pinal County. The affidavit if true was therefore wholly inadequate to authorize transfer to Pima County, or to require the filing of a controverting affidavit. There was nothing to controvert.

Judgment of the trial court is reversed with directions to remand said cause of action to Pinal County for trial.

PHELPS, C. J., and LA PRADE and WINDES, JJ., concur.

UDALL, J., concurs in the result.