Francis X. Conlon, J.
Plaintiffs move for summary judgment and the defendant cross-moves for summary judgment. The plaintiff patrolmen were duly appointed respectively on December 19, 1945 and September 16, 1946. On October 30, 1954 they were served with departmental charges and specifications alleging concerted action in violating certain rules and regulations. On May 16,1955 they were found guilty and removed from office. They had not been previously suspended or removed until the dismissal on May 16, 1955. An article 78 proceeding was instituted. The Appellate Division confirmation of the determination of the Police Commissioner was reversed in the Court of Appeals and the determination was annulled. [Matter of La Forge v. Kennedy, 7 N Y 2d 973.] On May 20, 1960 the plaintiffs were restored to the office of patrolmen in pursuance of an order of this court dated May 9,1960 as resettled on May 24, 1960. Plaintiffs have been paid their full salaries incident to the office for the period May 16, 1955 to May 9, 1960, less the amounts earned by each of them by reason of outside employment, and the question raised is whether the common-law rule of damage is applicable to these plaintiffs.
*131 In Matter of Cugell v. Monaghan (201 Misc. 607, 611) the court stated: “ Chapter 18 of the Administrative Code contains within itself the complete law with reference to the police department of the city of New York ’ ’. Section 434a-20.0 of the Administrative Code of the City of New York provides: “§ 434a-20.0. Suspension of members of force. The commissioner shall have power to suspend, without pay, pending the trial of charges, any member of the force. If any member so suspended shall not be convicted by the commissioner of the charges so preferred, he shall be entitled to full pay from the date of suspension notwithstanding such charges and suspension.” Plaintiffs argue, therefore, that their rights and the duty of the defendant are to be determined solely on the basis of the Administrative Code. While that code provision, as plaintiffs urge, makes provision for full payment upon failure of conviction after suspension, there is no provision in the code to which attention is brought controlling the duty of the defendant upon restitution to office after dismissal and reversal of conviction.
Defendant relies on title B of article 5 of the Civil Service Law: ‘ ‘ TITLE B-REMOVAL AND OTHER DISCIPLINARY PROCEEDINGS ’ \
It is provided in subdivision 3 of section 75: “ If he is acquitted, he shall be restored to his position with full pay for the period of suspension less the amount of compensation which he may have earned in any other employment or occupation and any unemployment insurance benefits he may have received during such period ’ ’ and in subdivision 4 of section 76: “Nothing contained in sections seventy-five or seventy-six of this chapter shall be construed to repeal or modify any general, special, local law or charter provision relating to the removal or suspension of officers or employees in the competitive class of the civil service of the state or any civil division.” To this extent section 434a-20.0 of the Administrative Code is controlling as to patrolmen. However, it is provided in subdivision 3 of section 76 of the Civil Service Law: “ An employee reinstated pursuant to this subdivision shall receive the salary or compensation he would have been entitled by law to have received in his position for the period of removal including any prior period of suspension without pay, less the amount of compensation which he may have earned in any other employment or occupation and any unemployment insurance benefits he may have received during such period. The decision of such civil service commission shall be final and conclusive, and not subject to further review in any court.” Similar provision is made where appeal is sought by a proceeding instituted *132 pursuant to article 78 of the Civil Practice Act. Section 77 of the Civil Service Law provides in that situation: “ Any officer or employee who is removed from a position in the service of the state or of any civil division thereof in violation of the provisions of this chapter, and who thereafter is restored to such position by order of the supreme court, shall be entitled to receive and shall receive from the state or such civil division, as the case may be, the salary or compensation which he would have been entitled by law to have received in such position but for such unlawful removal, from the date of such unlawful removal to the date of such restoration, less the amount of compensation which he may have earned in any other employment or occupation and any unemployment insurance benefits he may have received during such period.”
The common-law rule of damage imbedded in the Civil Service Law is not in this instance supplanted by anything contained in the Administrative Code and the provisions of subdivision 4 of section 76 of the Civil Service Law and of section 434a-20.0 of the Administrative Code, when read together, are of no aid to the plaintiffs. (See Matter of Sullivan Co., 289 N. Y. 110, 115; Adler v. Board of Educ. of City of N. Y., 33 Misc 2d 789 [McGivern, J.].)
Plaintiffs’ motion is denied and the defendant’s cross motion is granted.