■ FRANK LA FORGE, JR., et al., Appellants, v. CITY OF NEW YORK, Respondent.— Order, entered on June 29, 1962, denying plaintiffs' motion for summary judgment and granting defendant's cross motion for summary judgment, unanimously reversed, on the law, and plaintiffs' motion granted, without costs. See memorandum in *Kaminsky* v. *City of New York* (20 A D 2d 692), decided simultaneously herewith and involving similar issues. Concur — Botein, P. J., Breitel, Rabin, Eager and Witmer, JJ. [36 Misc 2d 130.]

■ JUNE V. LOFTS, Respondent, v. EMPIRE BITUMINOUS PRODUCTS, INC., et al., Appellants.— Order, entered November 6, 1963, denying defendants-appellants' motion for change of venue from New York County to Onondaga County, unanimously affirmed, on the law, the facts and in the exercise of discretion, without costs. More than 20 days after the service of the summons and complaint herein defendants requested a stipulation from plaintiff extending their time to answer. They were furnished such a stipulation, extending their time "to answer the complaint on the merits". We do not agree with the holding at Special Term that by acceding to such a stipulation defendants waived their right to make a motion for a change of venue. Such a motion is not addressed to the merits or sufficiency of the complaint itself. Since plaintiff resides outside the State and the defendants-appellants in Onondaga County, clearly the action should have been instituted in that county by plaintiff's experienced counsel. Thereafter plaintiff could have moved for a change of venue to New York County to meet the convenience of witnesses and the ends of justice, instead of cross-moving for retention of the present venue, as she has done in this instance. Upon the record before us, however, the action should nevertheless be retained in New York County. Plaintiff, her mother-in-law, who is a nonmoving defendant, her four treating physicians, her employer, all reside within less than an hour's traveling time to New York County. The identities of plaintiff's witnesses and the materiality of their proposed testimony have been plainly set forth in the papers accompanying plaintiff's cross motion. Defendants-appellants, by contrast, have made no appropriate factual showing of inconvenience warranting a change of venue. Except of course as to defendant Niver, they have not identified the witnesses whose convenience would be served, the substance of their proposed testimony or the materiality of such testimony. Therefore, despite the fact that the relative convenience of witnesses must be examined from the viewpoint that the action should have been commenced in Onondaga County, the order appealed from should be affirmed. Concur — Botein, P. J., Valente, Stevens, Eager and Steuer, JJ.