409 P.2d 60

**Paul W. GOFF and Lucille M. Goff, husband and wife, Petitioners,**

v.

**SUPERIOR COURTS IN AND FOR the COUNTIES OF PIMA AND MARICOPA, Respondents,**

and

**Fred Robinson and Jane Doe Robinson, husband and wife, Real Parties in Interest.**

**No. 2 CA–CIV 150.**

Court of Appeals of Arizona.

Dec. 22, 1965.

Rees, Estes & Browning, by Donald Estes, Tucson, for petitioners.

Whitehill, Feldman, Scott & Berger, by John L. Claborne, Tucson, for respondents.

MOLLOY, Judge.

This opinion disposes of a writ of certiorari issued by this court at the request of the plaintiffs in a personal injury action filed in the clerk's office of the superior court in Pima county. On motion for change of venue filed by the defendants, the lower court entered an order transferring the action to Maricopa county. It is to review this order that the writ of certiorari was granted by this court.

The subject civil action was filed on November 10, 1964. The defendants were personally served with summons and complaint in Maricopa county on January 24, 1965. Prior to time of service upon the defendants, the attorneys for the respective parties engaged in negotiations for settlement. On December 28, 1964, the claims manager representing the defendants' insurer wrote to plaintiffs' counsel. Part of this letter stated:

> "It is my understanding from that discussion that you will give us written notice should you deem it advisable to effect service upon our insured in regard to this matter. If this is correct, if you would please acknowledge it on the copy of the letter and return it to our file, it would be greatly appreciated."

Plaintiffs' counsel placed upon the copy of this letter, which it returned to the claims adjuster, the following:

> "Okay, if you agree not to change venue from Pima to Maricopa County."

On January 11, 1965, the claims adjuster wrote to plaintiffs' counsel acknowledging the receipt of this note and stating:

> "I regret that I cannot agree to your request not to change venue on this but without our assured's full approval of such an agreement after he consulted with counsel I might be jeopardizing his position.
>
> "If you do not feel you can grant us this favor, I will request our Phoenix office to alert the insured in case of

suit papers being served so that we may handle the matter."

After service of process, plaintiffs' counsel sent the following written memorandum to the defendants' insurer:

"Gentlemen:

I have asked Mr. Goff to come in and discuss amounts ($) with me regarding the above file.

I hereby agree that you have an extension of time to file an Answer in the above matter, the Answer to be filed on ten (10) days written notice.

Sincerely,

REES, ESTES & BROWNING"

Subsequently, plaintiffs' counsel made a demand for the settlement of the case in an amount expressed in the letter, or that an answer to the complaint be filed on or before March 4, 1965. On March 2, 1965, the defendants filed a motion for change of venue alleging under oath that they were residents of Maricopa county, that they had not been served with process in Pima county, that the accident alleged in the plaintiffs' complaint occurred in Maricopa county, and that all the witnesses, with the exception of the plaintiffs, resided in Maricopa county.

The only contention made as to the inadequacy of the motion for change of venue is that the same was not timely filed. A.R.S. § 12–404, subsec. A is relied upon:

"If an action is not brought in the proper county, the court shall nevertheless have jurisdiction and may hear and determine the action unless the defendant, *before expiration of the time allowed to answer,* filed with the clerk of the court in which the action is brought an affidavit of the defendant, his agent or attorney, *stating that the county in which the action is brought is not the proper county and stating the county of the defendant's residence, and praying that the action be transferred to the proper county.*" (Emphasis added)

No transcript of testimony has been filed with this court and from the record it appears that the matter was disposed of in the lower court on the basis of affidavits filed with it. There is no objection raised here as to this procedure nor is there any challenge here to the fact that the letters mentioned above were sent and received by real parties in interest.

The question has been raised as to the appropriateness of the writ of certiorari to review the subject order granting a change of venue. Our Supreme Court has held on several occasions that errors committed by the court in administering the venue statutes are jurisdictional. Among these decisions are: Wray v. Superior Court, 82 Ariz. 79, 308 P.2d 701 (1957); Sulger v. Superior Court, 85 Ariz. 299, 337 P.2d 285, 70 A.L.R.2d 1336 (1959); and Pride v. Superior Court, 87 Ariz. 157, 348 P.2d 924 (1960). Tribolet v. Fowler, 77 Ariz. 59, 266 P.2d 1088 (1954), though it does not mention jurisdiction, holds that an error committed by the lower court in transferring venue is reversible error, without discussing whether the error was in any way prejudicial. In the light of our constitutional prohibition against reversal for nonprejudicial error (Ariz. Const. art. 6, § 27, A.R.S.), the holding of the case is defensible only if venue is a matter of jurisdiction.

All of the foregoing decisions were rendered under the old judiciary provisions of the Constitution, which were amended in November 1960. We do not believe that these decisions any longer reflect the law of this state. In Sil-Flo Corporation v. Bowen, 98 Ariz. 77, 402 P.2d 22 (1965), our Supreme Court pointed out that under § 10 of the new art. 6 of the State Constitution, there is only a single superior court in the State of Arizona composed of all of the judges in every county. In dealing with the venue problem presented in that case, the Supreme Court said:

"The problems in the case at bar arise from the failure to distinguish between jurisdiction and venue. Juris-

diction is the power to decide a case on its merits whereas venue relates to the place where the suit may be heard * * *." 98 Ariz. 77, 402 P.2d 22 (1965)

In Sil-Flo, the court gave again the epitomized definition of jurisdiction, enunciated in Duncan v. Truman, 74 Ariz. 328, 248 P.2d 879 (1952): " * * * jurisdiction is the power to hear and determine * *."

■ If there be but one superior court in the State of Arizona, then the ruling upon a motion for a change of venue of a case filed in the court is certainly a matter within the jurisdiction of the court. And the court should have the jurisdiction to either grant or deny such a motion. Jurisdiction is not ordinarily lost by making an erroneous decision. Duncan v. Truman, supra; City of Phoenix v. Greer, 43 Ariz. 214, 29 P.2d 1062 (1934).

■ But, though we do not believe that venue matters are any longer jurisdictional in this state, we hold that the ruling of the trial court on the venue matter may be corrected by special writ if an abuse of discretion is shown. Unlike some jurisdictions, an order granting or denying a change of venue is not an appealable order in the State of Arizona. A.R.S. § 12–2101.[1] Even if such an error could be preserved and raised on appeal subsequently, if the error is not jurisdictional, it would be seldom that there would be a reversal, in view of the clear mandate of our Constitution that no cause shall be reversed when substantial justice has been done. Ariz. Const. art. 6, § 27.

■ And yet the statute is phrased in mandatory language, i. e.: " * * * shall order the action transferred to the proper county." (A.R.S. § 12–404, subsec. B.) It would seem particularly appropriate for these reasons that any obvious error in ruling made by the trial court on a motion for change of venue should be corrected by special writ and we believe that such is proper under the Arizona view appertaining to special writs. State ex rel. Ronan v. Superior Court in and for County of Maricopa, 95 Ariz. 319, 390 P.2d 109 (1964); Lesher, Extraordinary Writs in the Appellate Courts of Arizona, 7 Ariz. L.Rev., pp. 34 et seq.[2]

Reviewing the proceedings in the lower court in the light of questioning whether there has been any abuse of discretion by the trial court, we come to the conclusion that there was not.

The quoted statute allows a defendant any time " * * * before expiration of the time allowed to answer * * *" to file a motion for change of venue. The question arises as to the meaning of the word "allowed." Is the word strictly limited to the times allowed to answer under Rules 4(e) and 12(a) of the Rules of Civil Procedure, 16 A.R.S. (20 or 30 days, depending upon how the service is obtained), or does it also include the times which may be allowed for answer by court order, as for instance, under Rule 6(b) Rules of Civil Procedure, or by stipulation of counsel, as in this case?

Plaintiffs argue that the word should be given a meaning permitting only the consideration of the times initially allowed for answering under the Rules 4(e) and 12(a). Reputable authority is cited to support this view. Salsberry v. Connolly, 43 Nev. 182, 183 P. 391 (1919); Vaughn v. Dawes, 7 Mont. 360, 17 P. 114 (1888);

---

1. Examples of *appeals* from rulings on motions for change of venue are: Grant v. Bannister, 145 Cal. 219, 78 P. 653 (1904); Wrenne v. Huchting, 51 Cal.App. 218, 196 P. 295 (1921); Reichenbach v. Corn Exchange Bank Trust Co., 249 App. Div. 539, 292 N.Y.S. 732 (1937); Lofts v. Empire Bituminous Products, Inc., 20 A.D.2d 693, 246 N.Y.S.2d 781 (1964);

Calcagno v. Overby, 217 N.C. 323, 7 S.E. 2d 557 (1940).

2. Whether venue rulings can be reviewed by special writ in other jurisdictions is very much in conflict. Annot. 93 A.L.R. 2d 802–809; 55 C.J.S. Mandamus § 79, p. 135; 14 C.J.S. Certiorari § 22d, p. 158.

Irwin v. Taubman, 26 S.D. 450, 128 N.W. 617 (1910).

This court has not been impressed by the reasoning of these cases. The Irwin v. Taubman decision is influenced by the attempt of the court to give meaning to an amendment to the South Dakota venue statute, changing the wording from "before answer" to "before the time for answering expires." Salsberry v. Connolly relies on the Irwin case. The Vaughn v. Dawes decision reached its result influenced by the concern expressed in the opinion that their rule would be rendered "vague and uncertain" if the time for filing a motion for venue was extended every time the "time for answering" was extended. The court pointed out that the time for answer was extended by a motion or a demurrer, and the ruling thereon often delayed by vacations between terms of court.

We do not believe that these fears have any substance under our rules of procedure. Rule 12(a) Rules of Civil Procedure does provide for an additional time to answer if a motion is filed, but Rule 12(h) provides that if a motion is made under Rule 12 without including all defenses and objections then available under this rule, such a motion constitutes a waiver of all such defenses and objections not so included. The objection of "improper venue" is one of the matters covered by this rule. Rule 12(b)(3) Rules of Civil Procedure.

▆ In the absence of any good reason to do otherwise, this court believes that words should be given their common and ordinary meaning. Moore v. Arthur Realty Corp., 95 Ariz. 70, 386 P.2d 795 (1963). It does not strain the meaning of the word "allowed" to apply it to a situation where a defendant has been allowed by stipulation to file an answer after the expiration of the times set forth in Rule 4(e) and Rule 12(a). There seems good reason to permit negotiations for settlement to continue without either party legally losing ground. It saves clerical work on the part of one additional clerk's office if a cause can be settled prior to the time that a motion for venue is filed, rather than after. Accord-

ingly, we hold that a stipulation allowing additional time to answer automatically extends the time for filing a motion for change in venue unless the stipulation provides that it shall not apply to a motion for change of venue. The following decisions are supportive of this holding: Grant v. Bannister, 145 Cal. 219, 78 P. 653 (1904); Wrenne v. Huchting, 51 Cal.App. 218, 196 P. 295 (1921); Reichenbach v. Corn Exchange Bank Trust Co., 249 App.Div. 539, 292 N.Y.S. 732 (1937); Bankers Securities Corp. v. Insurance Equities Corp., 85 F.2d 856, 108 A.L.R. 960 (3d Cir. 1936).

The order of the trial court transferring the venue of this action to Maricopa county is affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.