390 P.2d 109

STATE of Arizona ex rel. Charles N. RONAN, County Attorney of Maricopa County, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA, the Honorable George Sterling, Robert Clark, Court Reporter, and Thad M. Moore and W. E. Stanford, Real Parties in Interest, Respondents.

No. 8201.

Supreme Court of Arizona,

En Banc.

March 5, 1964.

Rehearing Denied April 14, 1964.

Charles N. Ronan, Maricopa County Atty., and Felix F. Gordon, Chief Deputy County Atty., for petitioner.

Lewis, Roca, Scoville, Beauchamp & Linton, by John J. Flynn and James Moeller, Phoenix, for W. E. Stanford.

Jack C. Cavness, Phoenix, for Thad M. Moore.

BERNSTEIN, Justice.

Charles N. Ronan, County Attorney of Maricopa County, petitioned this court for a writ of prohibition against the respondent Superior Court, the Honorable George Sterling, judge thereof, and Robert Clark, court reporter, praying that respondents be prohibited from enforcing an order dated December 27, 1963, granting defendants' motion to be supplied with transcripts of the testimony given before the Grand Jury in Criminal Case, No. 43052, now pending in Maricopa County Superior Court.

Although we have heretofore issued our alternative writ of prohibition, we are of the opinion that the relief requested is more properly granted by a writ of certiorari and we will consider this petition as if we had before us the issuance of the latter writ. State ex rel. Ronan v. Superior

Court, etc., 94 Ariz. 414, 385 P.2d 707; State ex rel. Mahoney v. Stevens, 79 Ariz. 298, 288 P.2d 1077; A.R.S. § 12–2001. At both common law and under a statute similar to A.R.S. § 12–2001, and taken from California as was our statute, a writ of certiorari may be used to review abuse of discretion. State Board of Medical Examiners v. Spears, 79 Colo. 588, 247 P. 563, 564–565, 54 A.L.R. 1498; error dismissed, 275 U.S. 508, 49 S.Ct. 158, 72 L.Ed. 398:

" * * * district courts have jurisdiction to review the action of inferior courts and tribunals upon writ of certiorari only as to the question of their jurisdiction. Such was the nature of the common-law writ and such is the nature of our Code writ, to which is added, what really was included in the common-law writ, that if the court abused its discretion, or failed regularly to pursue its authority, which has the same meaning, the reviewing court might examine the evidence bearing on jurisdiction or abuse of discretion, but not with a view to determine facts or draw conclusions therefrom respecting guilt."

The real parties in interest, Thad M. Moore and W. E. Stanford, members of the State Tax Commission, were charged by the Grand Jury with conspiracy to accept bribes as public officers (one count) and accepting bribes as public officers (eight counts).

The order complained of is:

"IT IS THE ORDER of the Court that Robert Clark * * * as official Court Reporter to the Grand Jury, be, and he [is] permitted, directed and required to forthwith furnish the defendants, and each of them, * * * a similar transcript of the witnesses' testimony in the cause before said Grand Jury, as heretofore furnished to the County Attorney's Office, pursuant to Court Order."

In entering this order Judge Sterling gave his reasons as follows:

"IT IS THE OPINION of the Court that for many sound reasons the veil of secrecy surrounding the proceedings of a Grand Jury should be preserved and that such 'veil of secrecy' should only be pierced as directed by Rule 107 of the Rules of Criminal Procedure, where it appears to the Court that good and sufficient cause exists and that the furtherance of justice requires it.

"Defendants in their supplemental [sic] have set forth four grounds which they urge as being 'good cause'. The Court is of the opinion that of the four grounds urged by defendants, only ground No. 3 has any merit. In ground #3 defendants set forth that the 'veil of secrecy' has already been pierced in an improper and unauthorized manner, in that the State already has in its

possession the very transcript defendants request. An examination of the records and files discloses that the County Attorney has in his possession such a transcript of the testimony. However, the record fails to disclose that this transcript was obtained in an *improper and unauthorized manner.* On the contrary, the record discloses that the County Attorney obtained such transcript of this testimony, pursuant to an Order entered in this cause by the Superior Court.

"In view of what has been said by the Court, the only issue now to be determined by this Court is whether or not fundamental fairness and the proper administration of justice require that the defendants now be given the same information." (Emphasis supplied).

Rule 107, 17 A.R.S., is as follows:

"No grand juror, county attorney or other prosecuting officer, reporter or interpreter shall disclose the testimony of a witness examined before the grand jury or other evidence received by it except when required by a court to disclose the testimony of a witness examined before the grand jury for the purpose of ascertaining whether it is consistent with that of the witness given before the court, or to disclose the testimony given before the grand jury by any person upon a charge against such person for perjury in giving his testimony or upon trial therefor, or *when permitted by the court in the furtherance of justice."* (Emphasis supplied.)

■ Under this rule, it will be noted that there are three circumstances which justify the trial court in ordering disclosure of testimony before a grand jury, namely, (1) after a witness has testified at the trial, to determine whether such testimony is consistent with that given before the grand jury, (2) where the witness is charged with perjury, and (3) when permitted by the court in the furtherance of justice. Obviously, the trial judge's order in this case can be justified only under the assumption that it was in furtherance of justice. If it was not, was it in excess of or a great abuse of discretion?

The grand jury is of ancient origin, and has always been regarded as one of the glories of Anglo-American law. As the Supreme Judicial Court of Massachusetts said in Opinion of Justices, 232 Mass. 601, 603, 123 N.E. 100:

" * * * The grand jury is an ancient institution. It has always been venerated and highly prized in this country. It has been regarded as the shield of innocence against the plottings of private malice, as the defense of the weak against the oppression of political

power, and as the guard of the liberities of the people against the encroachments of unfounded accusations from any source. These blessings accrue from the grand jury because its proceedings are secret and uninfluenced by the presence of those not officially and necessarily connected with it. It has been the practice for more than two hundred years for its investigations to be in private, except that the district attorney and his assistant are present.

"Secrecy is the vital requisite of grand jury procedure."

Indeed, the prohibition against holding a person to answer for an infamous crime unless on a presentment or indictment of a grand jury is embodied in the Fifth Amendment to the United States Constitution. Although this provision of the Federal Constitution does not apply to the states, and the grand jury is not used as extensively as formerly in state criminal procedure, nevertheless traditional grand jury procedure is still regarded as an effective aid in the enforcement of criminal law and the protection of rights of defendants. The Federal Constitutional provision itself comes from the Magna Carta. See Ex Parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887).

Complete secrecy has always surrounded the proceedings of the grand jury. Indeed, as recently as 1932 it was seriously, though unsuccessfully contended that it was improper to have a court reporter present to make a transcript such as the one involved in this case. United States v. Amazon Industrial Chemical Corp., 55 F.2d 254, (D.C.Md.). Originally the Federal Department of Justice secured transcripts by using a court reporter who was also a member of the Bar, and swearing him as a special assistant to the district attorney. United States v. American Tobacco Co., 177 F. 774 (W.D.Ky.1910). It is of course, perfectly proper for a court reporter to make a transcript of the testimony in Arizona today, and the preparation of the transcript and the preservation of its secrecy are specifically provided for in Rules of Criminal Procedure 95 and 98. To this day it is improper in Arizona for the County Attorney to be present during the deliberations of the Grand Jury. However, his presence and that of his deputies is permitted at all other times. Rule 98, Rules of Criminal Procedure.

In this case the County Attorney properly has in his possession a transcript, and so he may rely upon the record itself, rather than the memory of his deputies who were present while the witnesses were testifying. Transcription of the record by order of the court is authorized by Rule 95. No impropriety or unfairness is involved in making available to the County Attorney an accurate record of testimony which his deputies lawfully heard at the time it was given. The modern rule authorizing tran-

scripts is not conceived of as a breach of the rule of secrecy, nor is it supposed that the transcripts will be used by, or the contents revealed to, anyone not authorized to learn what had gone on in the grand jury room under the rule of secrecy in its strictest historical interpretation.

It is clear that the defense, at least in advance of trial, is not entitled to a complete transcript of the grand jury testimony, unless there has been some modern development of the law relaxing the rule of secrecy which is applicable in Arizona. Some states, among them California, (Cal. Pen.Code, §§ 925, 938.1) have provided by rule or statute, for the giving of a copy of the grand jury proceeding to defense counsel in advance of the trial. Seltzer, "Pre-Trial Discovery of Grand Jury Testimony in Criminal Cases," 66 Dickinson Law Rev. 379, 384 (1962); Sherry, "Grand Jury Minutes: The Unreasonable Rule of Secrecy," 48 Va.L.Rev. 668 (1962); [1] Goldstein, "The State and the Accused: Balance of Advantage in Criminal Procedure", 69 Yale L.J. 1149 (1960). Arizona, however, has no such rule or statute.

Recent decisions of the United States Supreme Court have not rent the veil of secrecy which historically surrounds the grand jury. Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), permitted the defense to have access to F. B. I. reports, which are not covered by any rule of secrecy, historical or otherwise. The statute passed as a result of this decision, 18 U.S.C. § 3500, does not apply to grand jury testimony or minutes. In any event, no construction of the Jencks case would have authorized revelation of grand jury testimony in advance of trial.

The issue in United States v. Proctor & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) was whether the grand jury record, in proceedings where the government had abandoned its attempt to secure a criminal anti-trust indictment, should be given to the defendants in a subsequent civil action. In concluding the opinion of the Supreme Court, Justice Douglas said at page 684 of 356 U.S., at page 987 of 78 S.Ct., 2 L.Ed.2d 1077:

> "It is only when the criminal procedure is subverted that 'good cause'

[1.] These and other recent proposals for reform in grand jury procedure and criticism of the rule of secrecy are primarily directed to the situation where the grand jury is customarily or necessarily used in all felony proceedings or used at the option of the prosecution. This is not true in Arizona. Rule 81, Criminal Procedure, provides: "No grand jury shall be summoned to attend upon the superior court except upon the order of

a judge thereof when in his opinion public interest so demands." The county attorney cannot use a grand jury merely because in his opinion it will serve the interests of the prosecution. The judge must determine that the public interest will be served thereby. In practice, in Maricopa County, grand juries have been summoned only three times in the last 30 years.

for *wholesale* discovery and production of a grand jury transcript would be warranted." (Emphasis in original).

On remand, the district court found that the government had never seriously contemplated a criminal indictment, and disclosure of the grand jury record to the defense was ordered, United States v. Proctor & Gamble Co., 180 F.Supp. 195 (D.C.N.J.1960). In reality this was a penalty imposed on the Anti-Trust Division for improper use of the grand jury procedure to secure evidence for use in a civil action. The result is in no way applicable here, and it may be said that the grand jury involved in the Proctor & Gamble case was, because of the purpose for which it was used, not a true grand jury.

The most recent United States Supreme Court case is Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959). This was a criminal case, in which the trial judge had refused to permit the defense to inspect the minutes of the grand jury which brought in the indictment. In an opinion by Justice Clark the Supreme Court upheld the trial judge, and laid down the test of a "particularized need", saying at page 399 of 360 U.S., at page 1241 of 79 S.Ct., 3 L.Ed.2d 1323:

"Petitioners argue, however, that the trial judge's discretion under Rule 6(e) must be exercised in accordance with the rationale of Jencks; namely, upon a showing on cross-examination that a trial witness testified before the grand jury—and nothing more—the defense has a 'right' to the delivery to it of the witness' grand jury testimony.

"This conclusion, however, runs counter to 'a long-established policy' of secrecy, United States v. Procter & Gamble, supra, 356 U.S. at page 681, 78 S.Ct. at page 986, older than our Nation itself. The reasons therefor are manifold, id., 356 U.S. at page 682, 78 S.Ct. at page 986 [2 L.Ed.2d 1077], and are compelling when viewed in the light of the history and *modus operandi* of the grand jury. Its establishment in the Constitution 'as the sole method for preferring charges in serious criminal cases' indeed 'shows the high place it [holds] as an instrument of justice.' Costello v. United States, 1956, 350 U.S. 359, 362, 76 S.Ct. 406, 408, 100 L. Ed. 397. Ever since this action by the Fathers, the American grand jury, like that of England, 'has convened as a body of laymen, free from technical rules, acting in secret, pledged to indict no one because of prejudice and to free no one because of special favor.' Ibid. Indeed, indictments may be returned on hearsay, or for that matter, even on the knowledge of the grand jurors themselves. Id., 350 U.S. at pages 362, 363, 76 S.Ct. at pages 408, 409 [100 L.Ed. 397]. To make public any part of. its

proceedings would inevitably detract from its efficacy. Grand jurors would not act with that independence required of an accusatory and inquisitorial body. Moreover, not only would the participation of the jurors be curtailed, but testimony would be parsimonious if each witness knew that his testimony would soon be in the hands of the accused."

Pittsburgh Plate Glass was a 5–4 decision. It may well be that the argument of Justice Brennan, in dissent, might prove persuasive to a court considering a change in the rules, but we must look to the majority opinion for authority as to what the law now is with regard to the rule of secrecy for proceedings in the federal courts. The Federal Rule, in phrasing, is different from the Arizona rule, but both adopt the general and traditional principle of grand jury secrecy.[2]

It is impossible to anticipate all the circumstances in which a "particularized need" for a part of the grand jury transcript might arise at or before the trial. In the Proctor & Gamble case, supra, Justice

Douglas said at page 683 of 356 U.S., at page 987 of 78 S.Ct., 2 L.Ed.2d 1077:

" * * * We do not reach in this case problems concerning the use of the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like. Those are cases of particularized need where the secrecy of the proceedings is lifted discretely and limitedly. We only hold that no compelling necessity has been shown for the *wholesale* discovery and production of a grand jury transcript under Rule 34. We hold that a much more particularized, more discrete showing of need is necessary to establish 'good cause.' The court made no such particularized finding of need in case of any one witness. It ordered that the entire transcript be delivered over to the appellees." (Emphasis in original).

The above is equally true in the instant case.

It is asserted that there has been recent relaxation of the rule of secrecy in some state courts. In State v. Faux, 9 Utah 2d 350, 345 P.2d 186 (1959) the court, in a case

2. Rule 6(e) of the Federal Rules of Criminal Procedure provides in part: "Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter or stenographer may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule."

**328**

where the facts were substantially similar to those here, permitted pre-trial examination of the grand jury transcript. We do not regard the verbal differences in the Arizona rules and the Utah statute as of major significance here. The Utah court, in effect, adopted the California statute by judicial decision. Two justices dissented.

In State v. Morgan, 67 N.M. 287, 354 P.2d 1002 (1960) the court held that the trial court improperly refused to give the defense a transcript of the grand jury testimony of a witness, when the prosecutor brought the transcript into the courtroom and was using it in cross examining the witness. Disclosure under these circumstances, has long been permitted by proper court order, People v. Miller, 257 N.Y. 54, 177 N.E. 306 (1931). Under this procedure, the trial may be interrupted, and the grand jury testimony read by the trial judge to determine if it should be disclosed at the time when a definite question arises. The procedure

used is described by Judge Lumbard in United States v. Zborowski, 271 F.2d 661 (2nd Cir.1959).

In State ex rel. Clagett v. James, 327 S.W.2d 278 (Mo.1959) the Missouri rule was changed to permit pre-trial examination of grand jury testimony of witnesses for the state. The court agreed with the relator that the matter should be regulated by rule of court, and announced that it was adopting a rule (Mo. Rules Crim.Proc. 24.24, V.A. M.R.) to provide guides and standards in the granting of such inspection. The court closed with a note of warning that the inspection of a grand jury transcript was not to be permitted for purposes of discovery or as a substitute for taking depositions of witnesses endorsed on an indictment (as provided by Missouri law) but only to the extent necessary to meet the ends of justice. The Missouri rule does not authorize the wholesale disclosure ordered by the trial court in the instant case.[3]

3. "24.24 Secrecy of Grand Jury Proceedings

"No disclosure shall be made of the deliberations of the Grand Jury nor of any opinion, statement or vote of any grand juror. Stenographers' transcripts or clerks' minutes showing testimony of witnesses appearing before the Grand Jury may be made available to the Attorney General, prosecuting attorneys, circuit attorneys and their assistants for use in the performance of their duties. Otherwise a juror, attorney, interpreter or stenographer may disclose matters occurring before the Grand Jury only when so directed by the court, upon a finding of necessity to meet the ends of justice, prelim-

inary to or in connection with a judicial proceeding either civil or criminal or when permitted by the court upon a particularized showing by the defendant that grounds may exist for a motion to dismiss the indictment because of matters occurring before the Grand Jury. Disclosure shall not be permitted by inspection of transcripts of testimony for purposes of discovery or as a substitute for taking depositions of witnesses endorsed on an indictment and no inspection of clerks' minutes shall be permitted. If inspection of a stenographer's transcript, or any part thereof, of the testimony of any witness endorsed on an indictment is permitted, it shall not include disclosure

In circumstances somewhat similar to those of this case, the Connecticut court did not regard it as an improper relaxation of the rule of secrecy for the trial court to make available to the defense the grand jury testimony of two witnesses whose testimony at the trial was alleged to have contradicted their grand jury testimony. State v. Hayes, 127 Conn. 543, 18 A.2d 895, 922 (1941). No further examination of the grand jury proceedings was permitted and pre-trial examination was not requested.

Other states have permitted no liberalization. In Minton v. State, 113 So.2d 361 (Fla.1959) the issue was the right of the defense to pre-trial examination of grand jury proceedings to lay the foundation for cross-examination at the trial. The Florida court said at page 363 of 113 So.2d:

"This court holds, under the terms of our statute and in accord with the great weight of authority in other jurisdictions, that in a prosecution for perjury (or subornation of perjury) allegedly committed before a grand jury, an accused has the right to inspect, in advance of trial, the transcript of testimony given before the grand jury upon which the perjury charged was based, in order to prepare his defense. See Gordon v. State, Fla.1958, 104 So.2d

524, 537; United States v. Rose, 3 Cir., 1954, 215 F.2d 617. But with this one exception we have found no case—and none has been cited—in which an accused has been permitted to inspect, in advance of trial, the grand jury testimony of the State's witnesses for the purpose of preparing his defense."

The order permitting inspection in the instant case is based upon the third section of Rule 107 permitting disclosure "when permitted by the court in the furtherance of justice." In a broad sense, all court orders are issued in the "furtherance of justice" and indeed all changes of rules of procedure and amendments to statutes also have that high motivation. But in the rules relating to grand juries, the phrase is not used in this broad sense. In Delaware a legislative committee investigating gambling sought to examine a grand jury proceeding, on the grounds that their investigation and the disclosure sought was in furtherance of justice. In denying disclosure, Presiding Judge Terry said:

"I am not free to follow my own inclination in this matter. The discretion that I exercise must be a sound judicial discretion. A proper showing must be made that the public interest in secrecy is overcome by the interest

of deliberations, discussions, statements or opinions of grand jurors if any shall appear therein; and it shall not include disclosure of facts or testimony that

would not be admissible in evidence in a trial upon the indictment involved. (Adopted eff. May 1, 1960.)"

in disclosure. Such is the law where the release is sought for use for or *against* a defendant in a criminal proceeding, and is also the law where a release is sought for use by a State Legislative Committee for investigative purposes.

"I am not unmindful of the worthy purpose sought to be served by the Senate Committee, i. e. the furtherance of justice, but I find myself compelled to say, under the state of the law and in light of the circumstances here presented, that the public interest to be served by preserving the secrecy of the Grand Jury proceeding with its protection of jurors, witnesses and persons accused but not indicted far outweighs the Committee's request under its subpoena duces tecum." In re Jessup's Petition, 11 Terry 530, 50 Del. 530, 136 A.2d 207, 218 (1957).

The reference to the "furtherance of justice" in the Arizona rule must similarily be read in the light of the general public interest in preserving grand jury secrecy. If wholesale disclosure to the defense of the grand jury testimony in advance of trial were to be permitted here, we believe it would be in effect an amendment of Rule 107, rather than an interpretation of it. Amendment, in fact as well as in form, of course, is beyond the power and would be a great abuse of the discretion of a Superior Court. Ariz.Const. Art. 6, § 5, ¶5, A.R.S. The order of the court has the same effect as would the adoption of the California statute by Arizona—the defense counsel secure, as a matter of right in advance of trial, a carbon copy of the grand jury material which the prosecution has. The order was made for substantially the same reasons of fairness as must have induced the California *legislature* to adopt their statute. Such a fundamental change in the grand jury system, however, can only be made by this court upon which has been conferred the authority to make rules. Ariz.Const. Art. 6, § 5, ¶ 5.

No special circumstances are urged here to now justify wholesale disclosure of the grand jury record to the defense. The prosecution knows what transpired before the grand jury, and the defense does not. But that has always been true in every criminal case where a grand jury indictment is used. There is no more unfairness, if it is an unfairness, to the defendants here than is the common lot of all defendants indicted by a grand jury.

Of the five grounds generally given for the rule of grand jury secrecy, United States v. Amazon Industrial Chemical Corp., supra, only one, "to encourage free and untrammeled disclosure by persons who have information with respect to the commission of crime" is important at this stage of the proceedings in this case. It is not the

damage which is done to a particular grand jury by revealing its actions and deliberations, but the prospective harm which is directed to every future grand jury and every witness who may appear before it which is important. The great attribute of a grand jury, as we know it, is that it acts independently and without fear and that persons who testify in its presence, protected by the cloak of secrecy, will speak the truth.

Affidavits from witnesses before the grand jury were attached to the "motion for the Production of Testimony" which was presented to the trial judge. These affidavits, after reciting that the affiant was a witness before the Grand Jury, stated:

> "That as such witness I was sworn to secrecy and instructed not to discuss the case before said Jury or the nature of its proceedings with anyone not directly connected with the said proceedings, and entitled to be present at the same.

> "Therefore, I have refused to discuss my testimony with the said Thad M. Moore and W. E. Stanford, or their legal counsel."

■ The witnesses, of course, were mistaken in assuming that they were pro-hibited by law from discussing the case with the defense, or in giving depositions. Witnesses are not among those bound to secrecy by Rule of Criminal Procedure No. 107. Rule 102, relating to witnesses provides for an oath to tell the truth, not an oath of secrecy.[4] The witnesses' mistake as to their obligation respecting secrecy does not justify supplying defense counsel with their grand jury testimony on a wholesale basis. The state concedes there may be a misapprehension and suggested to the trial court that this may be obviated by:

> "* * * entering an order directed to each witness who appeared before the grand jury releasing them from any secrecy as to their knowledge of the case and permitting them to discuss it fully with counsel for defendants or their investigators."

Such procedure would be appropriate. In construing the Arizona rule relating to discovery in criminal cases, Rule 195, this court said, in State ex rel. Polley v. Superior Court, 81 Ariz. 127, 302 P.2d 263, 265, with regard to the discovery rule as applied to the right of a defendant to examine his own statement:

> "It should be noted that while the inspection is not authorized under said Rule, the Rule itself does not express a

---

4. "There is no secrecy imposed upon a witness before a grand jury either as to the fact that he has testified or as to the testimony given by him. People v. Naughton, 38 How.Pr. 430, 7 Abb.Pr.,N.S., 421, 440. To that extent, of course, the secrecy of grand jury proceedings is lessened." People v. Minet, 296 N.Y. 315, 73 N.E.2d 529, 533 (1947).

policy prohibiting discovery; hence, the court is free under its inherent residual power to permit broader discovery. 67 Harv.L.R. 492, 498."

We hold that there was no showing made to the trial court of facts from which it could have determined that the furtherance of justice required the wholesale disclosure of the testimony of witnesses before the grand jury, and that therefore the court greatly abused its discretion and acted in excess of its jurisdiction in making the order complained of.

A "particularized need" for access to grand jury testimony may be shown by the defense both before and at the trial. Where support for a motion to quash an indictment is needed, disclosure is proper before trial.

■■ A "particularized need" which in the furtherance of justice would authorize a trial judge to make available to the defendant a transcript of testimony, must be shown by facts and circumstances which demonstrate that unless such relief is forthcoming, the defendant will, in some manner, be prejudiced, or his legal rights adversely affected. Under the law as it exists today, as set forth in this opinion, the defendant is not entitled to a transcript of testimony of any witness solely because he wants to find out what the witness said. To grant him such privilege is not in the "furtherance of justice" because the public interest in

preservation of secrecy out weighs the defendant's interest in discovery.

If the transcript is sought for discovery purposes *only*, the reason or motive for requesting it becomes immaterial. Whether the defendant can or cannot obtain the information he desires from the witness prior to trial does not alter the fact that he seeks the transcript for discovery purposes only.

■ Where the defense points out a "particularized need" for access to grand jury testimony in the furtherance of justice he must request the trial judge to examine the grand jury transcript, the trial judge should then read the transcript *in camera*. Finding any subtantial, relevant and competent material, which in the furtherance of justice under Rule 107 should be disclosed, he must make available to the defendant an intelligible segment thereof containing that material. But where the trial judge finds no reason for revelation he should, upon request, seal the grand jury testimony so that it is available upon appeal.

Thus, the trial court may make within its discretion such further orders for the disclosure of grand jury testimony for which a "particularized need" in the furtherance of justice may appear in the course of the trial, first reading the testimony *in camera*, as heretofore described.

The order previously issued granting an alternative writ of prohibition is hereby

vacated. Treating the papers filed as a petition for certiorari, the writ of certiorari is granted and the Superior Court's order of December 27, 1963 is vacated.

· Writ of Certiorari granted.

UDALL, C. J., STRUCKMEYER and JENNINGS, JJ., and YALE McFATE, Superior Court Judge, concurring.

NOTE: Vice Chief Justice LORNA E. LOCKWOOD, having disqualified herself, the Honorable YALE McFATE, Judge of the Superior Court of Maricopa County, Arizona, was called to sit in her stead and participate in the determination of this case.