
417 P.2d 378

**Vernon WILLIAMS, Petitioner,**

v.

**Honorable Lee GARRETT, Judge of the Superior Court, Respondent.**

**No. 2 CA–CIV 283.**

Court of Appeals of Arizona.

Aug. 2, 1966.

William Messing, Tucson, for petitioner.

Twitty, Sievwright & Mills, by John F. Mills, Phoenix, for respondent.

MOLLOY, Judge.

Vernon Williams petitioned to this court for a writ of prohibition against the respondent Judge of the Superior Court of Pima County, to " * * * test the validity of the order granting the change of venue * * * " of an action instituted by petitioner in Pima County against the Magma Copper Company, real party in interest, to Pinal County. We are of the opinion that the relief requested would be more properly granted by a writ of certiorari and we will consider the petition before us as if considering a petition for the issuance of the latter writ. State ex rel. Ronan v. Superior Court in and for County of Maricopa, 95 Ariz. 319, 390 P.2d 109 (1964).

The order of pertinent events is briefly as follows. On May 10, 1966, petitioner filed an unverified complaint against Magma Copper Company stating a cause of action under the employer's liability act, A. R.S. § 23–801 et seq. In its complaint the only allegation giving locus to the claim in Pima County was the following:

"That plaintiff is a resident of Pima County, Arizona; that defendant is an Arizona Corporation *with offices in Pima County, Arizona.*" (Emphasis added.)

Within the time allowed for motion for change of venue, A.R.S. § 12–404, the defendant filed an affidavit and motion for change of venue. On May 23, the plaintiff-petitioner filed notice that the motion would be heard on May 31, 1966, but did not submit a controverting affidavit; on May 24, the petitioner filed an unverified amended complaint which complaint alleged on the venue question:

"That plaintiff is a resident of Pima County, Arizona; that upon information and belief defendant is an Arizona corporation; that it owns property in Pima County, Arizona; that it conducts busi-

ness in Pima County, Arizona; that it has agents or representative in Pima County, Arizona."

On May 31, Judge Alice Truman denied the defendant's motion for change of venue and thereafter the defendant filed a supplemental affidavit, which will be quoted hereafter, purporting to controvert the allegations in the amended complaint that the defendant owned property and had agents in Pima County. On June 6, the defendant filed its answer to the amended complaint. On June 7, the petitioner filed a motion to strike certain portions of the defendant's answer and, by response to the petitioner's motion, the defendant again challenged the "jurisdiction" of the court to hear or determine any matter in the case by reason of the venue question.

The respondent, Judge Lee Garrett, on June 20, 1966, at the hearing on the petitioner's motion to strike portions of defendant's answer, ruled contrary to Judge Truman's ruling of May 31, and granted a change of venue:

"It appearing to the court that the Order of Judge Truman entered herein on May 31, 1966, denying change of venue was entered without jurisdiction for the reason that the Pltf. had not filed a controverting affidavit to Deft's affidavit for change of venue,

"It is Ordered that said Order be, and hereby is, vacated and set aside.

"It is Further Ordered that the application for change of venue or change to the proper county be, and it is hereby granted.

"It is Further Ordered that this case be transferred to Pinal County for all further proceedings."

The first ground relied upon to support the issuance of a special writ by this court to nullify this order is the contention that one judge of the superior court has no power to vacate a prior interlocutory ruling of another superior court judge. Decisions on this question are extensively annotated in 132 A.L.R. 14, et seq. The following serves as a general summary of the decided cases:

"One judge should ordinarily hestitate [sic] to vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case with equal powers. Some courts, in disapproving of the idea that a judge might do so, have expressed themselves in terms of 'jurisdiction' and 'power,' and laid down a seemingly rigid rule in restraint of the judges. Thus, some courts have taken the view that one judge should not (and even, in some instances, that he cannot) vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case. But most of the cases recognize that a trial judge has 'power' to vacate, modify, or depart from the ruling of another in the same case, whatever may be the consequences of his doing so. So, the generally accepted view is that in many instances one judge may properly depart from, or modify, or even vacate, the interlocutory ruling of another in the same case, and even those courts which have held that a judge should not do so have recognized that such action may be proper in exceptional cases. Thus, even those courts which have said that a judge is wanting in power to depart from the ruling of another in the same case have recognized exceptions under such circumstances as to imply that the rule of restraint is, after all, not an imperative rule of law but a mere rule of practice."

30A Am.Jur., Judges, § 44, pp. 27–28

Considerations of courtesy and comity are strong factors in disfavoring intra-court interference with interlocutory orders. In United States v. Parker, 23 F.Supp. 880, at p. 889 (1938), the New Jersey District Court said:

"The orderly administration of justice requires uniformity in their rulings and binding effect, therefore, to priority in time. An early New York judge thus expressed it: 'The true reason why it is not fit that one judge should sit in re-

view of the decisions and judgments of another judge of the same court, and that reason rests not so much on a want of power to correct what has been mistakenly done as the confusion and vexatious litigation that would be likely to arise from so unwise a course in the administration of justice.' Kamp v. Kamp, 59 N.Y. 212, at page 217." 23 F. Supp. at 889.

Decisions generally acknowledge and we are in agreement that " * * * a trial judge has 'power' to vacate, modify, contravene, or depart from the ruling or order of another in the same case, whatever may be the consequences of his so doing * * *" (132 A.L.R. at p. 30). We will therefore not interfere with the ruling of Judge Garrett unless there has been an " * * * abuse of discretion." State ex rel. Ronan v. Superior Court in and for County of Maricopa, 95 Ariz. 319, at 322, 390 P.2d 109.

This brings us to the second contention of the petitioner, to wit, that Judge Garrett was clearly wrong in overruling Judge Truman's order in that under the holding of Tribolet v. Fowler, 77 Ariz. 59, 266 P.2d 1088 (1954), there was no jurisdiction in the court to do otherwise than to deny the motion for change of venue.

We have held that the holding of Tribolet v. Fowler, supra, that venue is jurisdictional is no longer the law of this state since the 1960 amendment to the judicial articles of the Arizona Constitution. Goff v. Superior Courts, 2 Ariz.App. 344, 409 P.2d 60 (1965). We have also held, however, that when there is an abuse of discretion on the part of the trial court in ruling upon a motion for change of venue, the ruling may be corrected by special writ. Turner v. Superior Court, 3 Ariz. App. 414, 415 P.2d 129 (1966).

The question thus presents itself as to whether under the procedural posture of this case, venue clearly lies in Pima County, so as to render the order now before us subject to being nullified by this appellate court. An examination of the record convinces us that this question must be answered in the negative.

The petition (plaintiff below) relies only upon A.R.S. § 12–401, subsec. 18, as supporting jurisdiction in Pima County. This law is:

"§ 12–401. Venue

"No person shall be sued out of the county in which he resides, except:

* * * * * *

"18. Actions against railroad companies, insurance companies, telegraph or telephone companies, joint stock companies and other corporations may be brought in any county in which the cause of action, or a part thereof, arose, or in the county in which defendant has an agent or representative, owns property or conducts any business."

However, the petitioner has never filed an affidavit or verified pleading stating that the defendant below comes within any of the above quoted language. The petitioner relies upon the unverified allegations of its amended complaint to the effect that the defendant owns property in Pima County and has agents or representatives therein, which allegations the petitioner contends have never been properly controverted in affidavit form by the defendant. The defendant contrariwise relies upon the provisions of A.R.S. § 12–404 which read as follows:

"§ 12–404. Action brought in wrong county; jurisdiction; application for transfer; hearing

"A. If an action is not brought in the proper county, the court shall nevertheless have jurisdiction and may hear and determine the action unless the defendant, before expiration of the time allowed to answer, files with the clerk of the court in which the action is brought an affidavit of the defendant, his agent or attorney, stating that the county in which the action is brought is not the proper county and stating the county of the defendant's residence, and praying that the action be transferred to the proper county.

"B. A copy of the affidavit shall be served upon plaintiff, and *unless the affidavit is controverted under oath, within five days after service, the court shall order the action transferred to the proper county.*

"C. If the affidavit is controverted, the court shall hear the issue thus presented and shall order the action retained in the court in which it is brought, or transferred to the proper county." (Emphasis added)

The defendant points out that when it filed its motion for change of venue, the original complaint stated no grounds for venue in Pima County sufficient to satisfy A.R.S. § 12–401, subsec. 18 or any of the other exceptions to our general law that a defendant must be sued in the county of his residence, and that no controverting affidavit has ever been filed to its affidavit supporting its motion for change of venue.

To this the petitioner rejoins that he had the right to file an amended complaint without court order at any time before "a responsive pleading" was filed, Rule 15(a), Rules of Civil Procedure, 16 A.R.S., and that, as the amended pleading stated grounds for venue in Pima County, and as these allegations were not denied under oath prior to the time of the hearing before Judge Truman, under the holding of Tribolet v. Fowler, supra,[1] Judge Truman properly ruled on the pending motion.

The defendant, in turn, counters that it had the " * * * time allowed to answer * * * " to file its motion for change of venue, A.R.S. § 12–404, subsec. A, that upon the amendment of the complaint it had ten days after the filing of the amended complaint to so answer, Rule 15(a), subd. 2, Rules of Civil Procedure, and that hence its amended affidavit denying the unverified allegations pertaining to defendant's connection with Pima County was timely.

To this, petitioner rejoins that Judge Truman was right in ruling upon what was then before her, that the amended affidavit should have been filed before the noticed hearing on motion for change of venue, and that, in any event, the amended affidavit is inadequate to controvert the venue allegations of the amended complaint.

The petitioner points out that this amended affidavit is couched in carefully chosen language, which incorporates a legal memorandum attached:

"W. P. GOSS, being first duly sworn, deposes and says:

"That he is President of the defendant corporation, MAGMA COPPER COMPANY, *that he has been advised by counsel as to the meaning of ARS § 12–401 (18), such advice more fully appearing in the Memorandum below;* that defendant has no offices in Pima County; that neither the cause of action nor any part thereof arose in Pima County; that defendant has no agent or representative, owns no property and conducts no business in Pima County; that the county in which the above captioned and numbered cause is brought is not the proper county; that defendant's principal place of business is in Pinal County; that the place of trial should be changed to the proper county, namely, Pinal County." (Emphasis added)

The memorandum attached to this affidavit indicates that the affiant's concept of owning property in Pima County, as set forth in the above quoted A.R.S. § 12–401, subsec. 18, would not include the " * * * casual or incidental ownership of property, * * * " but only property " * * * substantial, continuing, and directly related to

---

1. Tribolet v. Fowler held, inter alia, that inasmuch as the affidavit for change of venue did not deny the unverified allegations of the complaint that the contract-which was the subject of that action had been made in writing in Pinal County, the order of the court in Pinal County transferring the action to Pima County was without jurisdiction. The decision is rendered on an appeal, after a jury trial ended in a judgment against the party who had resisted the change of venue from Pinal County.

corporate purposes." Legal authority is cited in the memorandum to support defendant's conception of the proper construction of the pertinent language in A.R.S. § 12–401, subsec. 18.

■ These being the procedural facts, we can conceive that an appellate decision could be well-written sustaining either the position of the petitioner or the respondent. This we decline to do. This is an application for a writ of prohibition which we have accepted as a petition for certiorari. Such special writs historically, and in most jurisdictions other than Arizona, are limited strictly to raising questions of jurisdiction. Lesher, Extraordinary Writs in Appellate Courts of Arizona, 7 Ariz.L.Rev., pp. 34, et seq. Our Supreme Court has taken a liberal view, permitting an " * * * abuse of discretion" to be raised by such writs. State ex rel. Ronan v. Superior Court in and for County of Maricopa, 95 Ariz. 319, 390 P.2d 109 (1964). But we do not believe that it was that judicial body's intent that the law should be, by such discretionary writs, honed as fine as attempted here.

We believe that practicalities of modern day living support our view that a residuum of discretion should be left to trial courts in passing upon motions for change of venue, at least as far as the issuance of special writs is concerned. Facility of transportation and communication in our world of today and tomorrow detract from the importance that venue once had in our trial practice. The distinction between trying an action in Florence as opposed to Tucson will ordinarily not be critical to the outcome of that case. Re-transfer of this case to Pima County is still possible if " * * * the convenience of witnesses and the ends of justice would be promoted by the change." A.R.S. § 12–406, subsec. B.

In situations in which the legal questions raised are as abstruse as those here, we believe the better practice to be to allow them to be reviewed by appeal, reversal to result only if prejudicial error can be shown. Article 6, § 27, Ariz.Const., A.R.S.

Summarizing, we do not believe that either Judge Truman or Judge Garrett acted without jurisdiction as to the rulings called to our attention here or that either of their rulings evidences such an abuse of discretion that they should be reviewed on special writ. Writ denied.

KRUCKER, C. J., and HATHAWAY, J., concur.