IN THE

# Arizona Court of Appeals
## Division One

---

INCITO SCHOOLS, *Petitioner*,

*v.*

STATE OF ARIZONA, *Respondent.*

---

AMANDA JELLESON, *Petitioner*,

*v.*

STATE OF ARIZONA, *Respondent.*

---

APRIL BLACK, *Petitioner*,

*v.*

STATE OF ARIZONA, *Respondent.*

No. 1 CA-SA 25-0118
FILED 10-02-2025

---

Petition for Special Action from the Superior Court in Maricopa County
Nos. CR2021-001131-001, CR2021-001131-002 and CR2021-001131-003
The Honorable Jennifer E. Green, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

_____
COUNSEL

Christian Dichter & Sluga, Phoenix
By Stephen M. Dichter, J.P. Harrington Bisceglia, Nathan Andrews,
AnnaMarie Lively
*Counsel for Petitioners*

Arizona Attorney General's Office, Phoenix
By Philip Casey Grove
*Counsel for Respondent*

_____

**OPINION**

Vice Chief Judge David D. Weinzweig delivered the opinion of the Court, in which Presiding Judge Michael S. Catlett and Judge Daniel J. Kiley joined.

_____

**W E I N Z W E I G**, Vice Chief Judge:

¶1         Arizona law makes it a class one misdemeanor to knowingly disclose the nature or substance of grand jury testimony unless, as relevant here, permitted by the court in furtherance of justice.  Whether disclosure furthers justice hinges on a balancing of two interests: (1) the "particularized need" for disclosure and (2) society's interest in grand jury secrecy.  Here we hold that society's interest in grand jury secrecy is diminished after a grand jury returns an indictment, the indictment is dismissed and not refiled, and the party wanting to use the grand jury transcripts already has them, lawfully.

**FACTS AND PROCEDURAL BACKGROUND**

¶2         A state grand jury indicted Incito Schools and its administrators Amanda Jelleson and April Black ("former defendants") on felonies related to education grant fraud, including theft, forgery, conspiracy, and fraudulent schemes and artifices.  *See* A.R.S. §§ 13-2310, -1802, -2002, and -1003.

¶3         Before the indictments were returned, defense counsel supplied prosecutors with a forensic report of an accountant who found the former defendants did not defraud the State.  Prosecutors disclosed the

forensic report to the grand jury, but the State's expert discredited its findings when he testified before the grand jury.

¶4 The former defendants then moved the superior court to remand the indictment, which the court granted, finding the State's expert "misdirected the Grand Jury from [the forensic report] with an egregious mischaracterization of its contents," and used "assertions [that] were at best wildly misleading, and at worst outright wrong." The State did not refile the charges.

¶5 The former defendants later sued the Arizona Attorney General and two investigators in federal court under 42 U.S.C. § 1983, alleging those officials presented an expert witness to the grand jury who fabricated his findings. In that lawsuit, the former defendants intended to use the grand jury transcripts to prove causation and to impeach the State's expert, and they already had the transcripts, lawfully. *See* A.R.S. § 21-411(A) (after an indictment is returned, the grand jury transcripts "shall be made available to . . . the defendant").

¶6 But Arizona law prohibits the unauthorized disclosure of grand jury transcripts, so the former defendants asked the superior court for permission to use the grand jury transcripts in the federal action. *See* A.R.S. § 13-2812. The court denied that request, reasoning that the former defendants (1) did not demonstrate a "particularized need" for the transcripts because they had access to the report of the State's expert witness, and (2) "the need for secrecy" outweighed "the need for disclosure."

¶7 The former defendants petitioned this court for special action relief to reverse the superior court's denial. We had accepted jurisdiction and granted relief, reversing the superior court and promising an opinion to follow. This is that opinion.

## JURISDICTION

¶8 We accept special action jurisdiction because the former defendants have no equally plain, speedy or adequate remedy on appeal. *See* Ariz. R.P. Spec. Act. 12(a); *State v. Bergin*, 256 Ariz. 516, 521, ¶ 10 (App. 2023) (accepting special action jurisdiction because an order releasing grand jury transcripts is not reviewable via direct appeal). Beyond that, this case presents questions of first impression and statewide importance. *See* Ariz. R.P. Spec. Act. 12(b)(3), (4).

**DISCUSSION**

¶9          We review the denial of permission to release grand jury transcripts for an abuse of discretion, *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979), but review de novo whether the law was applied properly, *Kosman v. State*, 199 Ariz. 184, 185, ¶ 5 (App. 2000).

¶10         Arizona law makes it a class one misdemeanor for a person to "knowingly disclose[] to another the nature or substance of any grand jury testimony." A.R.S. § 13-2812(A). But the statute has three exceptions, including "when permitted by the court in furtherance of justice." *Id.*

¶11         To secure disclosure in furtherance of justice, a movant must show a "particularized need," which is balanced "against the societal interests in grand jury secrecy." *Bergin*, 256 Ariz. at 524, ¶ 29 (citations omitted); *see also State ex rel. Ronan v. Superior Court*, 95 Ariz. 319, 326, 332 (1964) (quoting *Pittsburgh Plate Glass Co. v. United States*, 260 U.S. 395, 399 (1959)).

*Societal Interest in Secrecy*

¶12         Secrecy is vital to grand jury proceedings. Grand jury proceedings must be kept secret to prevent negative publicity for those accused and ultimately exonerated, to diminish the risk of flight and to safeguard members of the grand jury from influence or retribution. *See Ronan*, 95 Ariz. at 324 (citation omitted); *Douglas Oil*, 441 U.S. at 218–19; *see also Samaritan Health Sys. v. Superior Court*, 182 Ariz. 219, 221 (App. 1994).

¶13         Applied here, we conclude that society had a diminished interest in grand jury secrecy when the former defendants asked the superior court for permission to use the grand jury transcripts in the federal action. First, the former defendants themselves wanted to use the grand jury transcripts, so we are less concerned about negative publicity for those accused and ultimately exonerated. *See Ronan*, 95 Ariz. at 323–24 (recognizing that secrecy protects grand jury targets against "the encroachments of unfounded accusations").

¶14         Second, the grand jury had already leveled the indictments, so secrecy was not essential to prevent the former defendants from influencing the grand jury proceedings. *See In re Grand Jury Investigation*, 55 F.3d 350, 355 (8th Cir. 1995).

¶15         Third, the former defendants lawfully possessed the grand jury transcripts when they sought permission to use them in the federal

action, so using them in that lawsuit would not have impacted the risk of retribution.

¶16 Fourth, the indictments had already been dismissed and the State had elected not to refile them. *Douglas Oil*, 441 U.S. at 222 (recognizing a reduced interest in grand jury secrecy after grand jury proceedings have ended). There was no risk of flight. *See Butterworth v. Smith*, 494 U.S. 624, 632 (1990) ("When an investigation ends, there is no longer a need to keep information from the targeted individual in order to prevent his escape — that individual presumably will have been exonerated, on the one hand, or arrested or otherwise informed of the charges against him, on the other.").

¶17 And last, the superior court could have protected grand jury members and witnesses from public pressure with protective orders limiting how the transcripts are used in the federal action. *Douglas Oil*, 441 U.S. at 223.

¶18 Because the superior court did not recognize society's diminished privacy interest, we vacate its denial of the former defendants' motion for leave to use grand jury transcripts.

*Particularized Need*

¶19 The former defendants must also show a particularized need for the grand jury transcripts in the federal action, which is balanced against society's diminished interest in privacy. *See Bergin*, 256 Ariz. at 524, ¶ 29 (citations omitted). "A 'particularized need' which in the furtherance of justice would authorize a trial judge to make available to the defendant a transcript of testimony, must be shown by facts and circumstances which demonstrate that unless such relief is forthcoming, the defendant will, in some manner, be prejudiced, or his legal rights adversely affected." *Ronan*, 95 Ariz. at 332.

¶20 We believe this element is best determined by the federal court in the federal action. A request for disclosure of grand jury transcripts should normally be directed to the court that supervised the grand jury's activities, but that's not always the case. *Douglas Oil*, 441 U.S. at 226 ("It does not follow, however, that in every case the court in which the grand jury sat should make the final decision whether [disclosure should occur]."). When disclosure of grand jury transcripts is sought for use in a case pending elsewhere, the supervising court "will have no firsthand knowledge of the litigation in which the transcripts allegedly are needed, and no practical means by which such knowledge can be obtained." *Id.*

¶21 When grand jury transcripts possessed by Arizona courts are sought for use in federal court, Arizona courts should analyze our societal interest in secrecy and determine whether disclosure might be appropriate in the federal action. If disclosure might be appropriate, the party seeking disclosure must lodge the grand jury transcripts with the federal court under seal for that court to assess and balance the particularized need against society's diminished interest in secrecy.

## CONCLUSION

¶22 We vacate the superior court's order denying the former defendants' motion to disclose the grand jury transcripts. The superior court should enter an order permitting the former defendants to lodge a copy of the transcripts under seal with the federal court to determine whether the former defendants have a particularized need for the transcripts. We urge the parties to take all necessary steps to preserve society's continued (even if diminished) secrecy interest in the federal action.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR