506 P.2d 272

Everett M. **BRAZELTON** and Veronica Brazelton, husband and wife, Petitioners,

v.

Paula **TAPIA**, the Honorable Norman S. Fenton, Judge of the Superior Court in and for the County of Pima, Respondents.

No. 2 CA–CIV 1379.

Court of Appeals of Arizona, Division 2.

Feb. 20, 1973.

**Venue** ⬙79

Change of venue and transfer of automobile negligence action from Pima County to Pinal County where collision occurred was abandoned for failure of moving party to pay transmittal fee within prescribed period and action was to continue in Pima County as if no change of venue had been granted. A.R.S. §§ 12–401 et seq., 12–407.

───────◆───────

Mesch, Marquez & Rothschild, P. C., by Tom R. Clark, Tucson, for petitioners.

Martin S. Rogers, Tucson, for respondents.

KRUCKER, Judge.

This is a special action arising out of Cause No. 137564 in the Superior Court of Pima County, State of Arizona. The sole question before us is an interpretation of the change of venue statute, A.R.S. § 12–401, as amended, and the proceedings thereunder as outlined in A.R.S. § 12–407, as amended.

The petitioners herein filed a complaint in Pima County Superior Court alleging defendant's negligence which resulted in an automobile collision. The collision occurred in Pinal County, Arizona, on or about October 7, 1970, and the defendant, Paula Tapia, was a resident of Pinal County, Arizona. She responded to the complaint by filing a motion to dismiss, basing the motion on the provisions of A.R.S. § 12–401 et seq., and the petitioners filed a consent to change of venue and an objection to the motion to dismiss. A motion to dismiss because of improper venue, however, is available only if transfer to the proper county cannot be accomplished. Rule 12(b), as amended, Rules of Civil Procedure, 16 A.R.S. Since transfer was available, the only possible construction of defendant's motion was as one for a change of venue. The trial court therefore properly denied the motion to dismiss and ordered the case transferred to Pinal County Superior Court.

A.R.S. § 12–407, as amended, provides as follows:

" § 12–407. Order for change of venue; transmittal of papers; payment of fees and costs; effect of failure to pay.

A. When a change of venue is ordered, the court shall transfer the action to the most convenient adjoining county, unless the parties agree to some other county in which case the action shall be transferred to the county agreed upon.

B. The clerk shall forthwith transmit the papers and transcript of the proceedings in the action to the clerk of the court to which the venue is changed. *The party applying for the change of venue shall pay a transmittal fee of five dollars.* The payment shall be made within five days after the order directing the change, or the application for change of venue and the order therefor shall be deemed abandoned. If the change is abandoned, the action shall proceed as if the order for change of venue had not been made.

C. The clerk of the court to which the action is transferred shall, upon payment by the party applying for a change of venue of the fee required upon filing a complaint, docket the action in its order. The action shall be tried or otherwise disposed of as if it had originated in that court.

D. *Failure to pay the fee* as required in subsection C *within thirty days from the date of the order* for the change of venue *shall be deemed an abandonment.* The clerk of the court to which the action was transferred shall forthwith transmit all papers to the court in which the action originated, and the action shall be disposed of as if no change of venue had been granted." (Emphasis added)

The transfer order was entered on October 17, 1972, and it is conceded that the $5.00 transfer fee provided for in Subsection B above was never paid. Petitioners filed a "motion to deem change of venue abandoned" in the respondent court and requested an appropriate order to accomplish this. The motion was denied whereupon relief was sought in this court.

The thrust of this special action is that the change of venue was abandoned by the moving party because of her failure to make the payment.

We agree. The change of venue and transfer of the case to Pinal County was abandoned for failure to pay the necessary fee within the prescribed period. We find no merit in defendant's argument that the petitioners were responsible for payment of the transmittal fee. The action

should proceed in the Superior Court of Pima County as if no change of venue had been granted. Any papers or pleadings held by the Superior Court of Pima County should be returned to the clerk of the Superior Court of Pima County.

The lower court is directed to enter an appropriate order not inconsistent with this opinion.

HATHAWAY, C. J., and HOWARD, J., concur.