627 P.2d 1104

Oscar GALAZ and Rosie Galaz, husband and wife, Plaintiffs/Appellants,

v.

Ronald VINYARD, M. D. and Bridget Vinyard, husband and wife; the County of Cochise, a political subdivision of the State of Arizona; James E. Foppe and Maria A. Foppe, husband and wife; David Reyes and Angie Reyes, husband and wife; and Rosie Pinedo, Defendants/Appellees.

No. 2 CA–CIV 3806.

Court of Appeals of Arizona, Division 2.

April 7, 1981.

Ramon R. Alvarez, Douglas, for plaintiffs/appellants.

Slutes, Browning, Zlaket & Sakrison, P. C. by Tom Slutes and Ronald E. Curry, Tucson, for defendants/appellees County of Cochise, Pinedo, Reyes and Foppe.

Chandler, Tullar, Udall & Redhair by D. B. Udall, Tucson, for defendants/appellees Vineyard.

## OPINION

BIRDSALL, Judge.

Appellants' complaint was filed in Cochise County against all appellees in two counts. The first alleged medical malpractice and the second count alleged battery. Since Cochise County was named as a defendant, appellants moved to change the venue of the action to another county.[1] Appellees contended and still contend that any right appellants may have had to a venue change was waived and that the mo-

tion was untimely. The trial court denied the motion whereupon appellants came to this court by special action and we did not accept jurisdiction on that point. Appellants did not attempt any special action to the Supreme Court.

Appellees' answer to the second count of the complaint alleging battery set forth as a defense A.R.S. § 12–562(B) which provides:

"No medical malpractice action brought against a licensed health care provider shall be based upon assault and battery."

Appellants moved to strike this defense as "insufficient", claiming that the statute is unconstitutional. The trial court denied this motion. Appellants also filed a motion for partial summary judgment in which they sought to have the trial court declare the statute unconstitutional. This was likewise denied.

Although this case is still pending trial in Cochise County on both counts of appellants' complaint, the trial court signed the following order containing Rule 54(b) language:

"The above-entitled and numbered matter having come on regularly for hearing before the Court on Plaintiffs' Motion to Strike, for Appointment of Medical Liability Review Panel, for Change of Venue, and for Summary Judgment, and the cause having been submitted to the Court for its decision,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' Motion for Appointment of Medical Liability Review Panel is hereby granted, and

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike Insufficient Defense, for Change of Venue, and for Summary Judgment be, and the [sic] are hereby denied, and

IT IS FURTHER ORDERED, pursuant to *Rule 54(b)* of the Arizona Rules of Civil Procedure that there is no just cause

1. A.R.S. § 12–408(A) provides that: "In a civil action pending in the superior court in a county where the county is a party, the opposite party is entitled to a change of venue to some other county without making an affidavit therefor."

to delay the entry of judgment in this case, and

IT IS FURTHER ORDERED that this Order be a final adjudication of the rights of Plaintiffs with reference to the issues raised in the Motion to Strike Insufficient Defense, Motion for Appointment of Medical Liability Review Panel, Motion for change of Venue, and Motion for Summary Judgment."

Appellants appealed from this order stating as issues:

1) The trial court should have granted the motion for change of venue, and

2) A.R.S. § 12–562(B) violates Article 2, Section 31 and Article 18, Section 6 of the Arizona Constitution in that it prohibits a claim against any physician based upon the theory of assault and battery.

In addition to answering these two issues appellees argue that neither an order denying a motion for change of venue nor an order refusing to strike a defense as insufficient is appealable and neither may be made appealable by the addition of Rule 54(b) language.

■ Since we agree with appellees that the order is not appealable we need not address appellants' issues on appeal.

Rule 54(b) provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time

before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

The trial court erred in entering the order containing the 54(b) language since it was not a final judgment as to one or more of appellants' claims or as to one or more parties.

■ Venue is not an entire claim for relief and we have held that the denial of a change of venue is not appealable. *Goff v. Superior Courts*, 2 Ariz.App. 344, 409 P.2d 60 (1965). Likewise we hold that denying a motion to strike an affirmative defense from an answer is not appealable.

■ The denial of a motion for summary judgment is not appealable. *Safeway Stores, Inc. v. Maricopa County Superior Court*, 19 Ariz.App. 210, 505 P.2d 1383 (1973). Under the state of the trial court record appellants may still proceed with their evidence on both theories of liability. The validity of the affirmative defense has not been determined.

■ As for the change of venue ruling appellants properly brought that issue to this court by special action. *Goff*, supra.

The jurisdiction of this court is limited by A.R.S. § 12–120.21 and § 12–2101, which do not include the issues appellants present.

Appellees should have moved to dismiss this appeal. Instead they have asked us to affirm the order of the lower court. We decline to affirm since we find we have no jurisdiction. *Connolly v. Great Basin Insurance Co.*, 5 Ariz.App. 117, 423 P.2d 732 (1967).

It is ordered this appeal is dismissed.

HATHAWAY, C. J., and HOWARD, J., concur.