669 P.2d 1347

**Vernon C. GRIGG and Nora B. Grigg, husband and wife, DBA Vern's Place, Petitioners,**

v.

**SUPERIOR COURT OF the STATE OF ARIZONA, In and For the COUNTY OF PIMA, the Honorable Jack T. Arnold, and CFS-Continental-Phoenix, Inc., a subsidiary of CFS Continental, a Nevada corporation, qualified to do business in the State of Arizona, real party in interest, Respondents.**

No. 2 CA–CIV 4816.

Court of Appeals of Arizona, Division 2.

June 17, 1983.

1. Appellant's motion for a directed verdict on     the criminal damage count was granted.

of venue to Pima County pursuant to A.R.S. § 12–404. On February 28, 1983, the Maricopa County Superior Court granted the change of venue by minute entry ordering transfer to Pima County and directing the Clerk of the Maricopa County Superior Court to transfer the court file to the Clerk of the Pima County Superior Court upon payment of the fee required by statute. The controlling statute is A.R.S. § 12–407(E) which provides:

> "In a case in which a change of venue has been ordered pursuant to Sec. 12–404, the plaintiff shall pay the transmittal fee of ten dollars within five days after the order directing the change. Also in such case the plaintiff shall pay, within thirty days from the date of the order for the change of venue, to the clerk of the court to which the action is transferred the fee required upon filing of a complaint as provided in subsection B of this section. If the plaintiff fails to timely pay either the transmittal fee or the filing fee in the county to which the action is transferred, *the court shall dismiss* the case with prejudice." [emphasis added]

After expiration of the five-day period required for payment of the transmittal fee, the Griggs filed a motion to dismiss in Maricopa County Superior Court. CFS paid the transmittal fee on March 16 and before the Maricopa County Superior Court could rule on the pending motion to dismiss, the court file was transferred to Pima County. The motion to dismiss was therefore ruled on by the respondent judge. He denied the motion on the ground that an order for change of venue is appealable, and since no appeal would lie from the February 28, 1983, minute entry order changing venue, the time had not started running for payment of the transmittal fee under A.R.S. § 12–407(E). We do not agree with the respondent judge.

D'Antonio & D'Antonio, P.C. by Patricia A. Ihnat, Tucson, for petitioners.

Levenbaum & Cohen by Warren G. Levenbaum, Phoenix, for real party in interest.

## OPINION

BIRDSALL, Judge.

An order denying a motion to dismiss is the subject of this special action. Since petitioners have no adequate remedy by appeal, we assume jurisdiction.

Petitioners are the defendants in a pending superior court action and real party in interest, CFS-Continental-Phoenix, Inc (CFS) is the plaintiff. On February 7, 1983, CFS filed its complaint against the Griggs in Maricopa County Superior Court. The Griggs, residents of Pima County, answered the complaint and filed motions for change

An order granting or denying a change of venue is not appealable. *Goff v. Superior Courts,* 2 Ariz.App. 344, 409 P.2d 60 (1965); *Galaz v. Vinyard,* 128 Ariz. 606,

272

627 P.2d 1104 (App.1981). Therefore the requirement of Rule 58(a), Arizona Rules of Civil Procedure, 16 A.R.S., that an order be in writing and signed by a judge does not apply to venue rulings and the February 28 order became effective immediately. *See State v. Birmingham,* 96 Ariz. 109, 392 P.2d 775 (1964); *Herzog v. Reinhardt,* 2 Ariz. App. 103, 406 P.2d 738 (1965).

Subsection E of A.R.S. § 12–407 is of fairly recent vintage, having been added to the statute by Chapter 152, Sec. 3 of the laws of 1981. Prior to the 1981 change in the statute, the party applying for the change of venue, in all situations, was required to pay the transmittal fee, and the only consequence of failure to pay such fee within the prescribed period was that the change of venue was deemed abandoned. *See Brazelton v. Tapia,* 19 Ariz.App. 232, 506 P.2d 272 (1973). The legislature, by adding subsection E in 1981, clearly intended to place the onus of payment of the transmittal fee on the plaintiff within five days after the order directing the change of venue or run the risk of dismissal with prejudice. In the absence of certain exceptions, a defendant has a right to be sued in the county of his residence. A.R.S. § 12–401. It is only fair to require a plaintiff who has selected an improper county to which the defendant timely objects pursuant to A.R.S. § 12–404, to expeditiously pay the costs of transfer to the proper county.

█ It is undisputed that CFS did not timely pay the transmittal fee. The record also demonstrates that its attorney had notice that the change of venue was granted. Although their prescribed time period for payment of fees is longer, the California courts have construed their dismissal provision when a plaintiff has failed to pay the transfer fees as mandatory. *See e.g., Legaux v. Superior Courts of San Francisco and Alameda Counties,* 46 Cal.App.3d 422, 120 Cal.Rptr. 306 (1975); *Grime v. Superior Court for County of Los Angeles,* 39 Cal. App.3d 46, 113 Cal.Rptr. 850 (1974). The language of our statute is also mandatory,

and when it was established that CFS had not timely paid the transfer fee, the respondent judge had no alternative but to dismiss the action with prejudice.

The order denying the motion to dismiss is vacated, and the respondent court is directed to enter an appropriate order of dismissal.

HOWARD, C.J., and HATHAWAY, J., concur.