697 P.2d 695

GILA VALLEY IRRIGATION DIS-
TRICT, Scott L. Pace, Dennis Layton,
and Ted Lee, individually and as mem-
bers of the Board of Directors of Gila
Valley Irrigation District, Petitioners,

v.

The SUPERIOR COURT of the State of
Arizona In and For the COUNTY OF
GRAHAM, and the Honorable Lloyd
Fernandez and G.R.L. Construction,
Inc., an Arizona corporation, real party
in interest, Respondents.

No. 2 CA–CIV 4900.

Court of Appeals of Arizona,
Division 1.

Nov. 16, 1983.

Fennemore, Craig, von Ammon, Udall & Powers, P.C. by Kent A. Blake, Phoenix, Udall, Shumway, Blackhurst, Allen, Lyons & Davis, P.C. by David K. Udall, Mesa, and Anderson & Welker, P.C. by Dudley S. Welker, Safford, for petitioners.

Alex A. Gaynes, Tucson, and Michael A. Carragher, Safford, for real party in interest.

## OPINION

BIRDSALL, Judge.

This special action was taken from the order of the Graham County Superior Court setting aside its previous order dismissing the action with prejudice. Because we conclude that dismissal with prejudice is mandatory in this case and that petitioners have no equally plain, speedy and adequate remedy by appeal, we accept jurisdiction and vacate the trial court's order setting aside the dismissal.

The action was originally brought by respondent G.R.L. Construction, Inc. (G.R.L.) in Maricopa County, naming as defendants the petitioners and the State of Arizona. Pursuant to A.R.S. § 12–404, petitioners filed a motion for change of venue on the grounds that all of the parties were residents of Graham County and that the acts upon which the suit was brought all occurred in Graham County. In response to this motion, G.R.L. filed a controverting affidavit which stated simply that "many of the acts upon which suit is brought occurred in Maricopa County, Arizona," and that Maricopa County was the only appropriate venue. The State of Arizona filed a motion to dismiss pursuant to Rule 12(b), Arizona Rules of Civil Procedure, 16 A.R.S., for failure to state a claim for which relief could be granted as against the state.

By minute entry dated November 9, 1982, the Maricopa County Superior Court granted both motions. The minute entry

expressly cautioned counsel to "pay special attention to A.R.S. § 12–407 as amended in 1982," which sets forth the procedures to transfer an action following an order changing venue. The statute requires generally that the party applying for the change pay a transmittal fee to the court in which the action originated within five days of the order, and to pay a filing fee in the court to which the action is transferred within 30 days from the date of the order. A.R.S. § 12–407(B) and (D). When the action is originally brought in the wrong county and the transfer of venue is made pursuant to A.R.S. § 12–404, however, the transfer and filing fees must be paid by the plaintiff. A.R.S. § 12–407(E). This subsection further provides that if the plaintiff fails to timely pay the required fees, "the court shall dismiss the case with prejudice."

G.R.L. failed to pay the transmittal fee to the Maricopa County Superior Court, and the same was paid by counsel for the petitioners. By letter dated December 7, 1982, counsel for G.R.L. was advised by the clerk of the Graham County Superior Court of the necessity for paying the filing fee within the statutory period. On January 31, 1983, the Maricopa County Superior Court entered a formal order transferring the case to Graham County, and by letter dated February 9, 1983, counsel for G.R.L. was again reminded by the clerk to pay the filing fee in Graham County. It is undisputed that no attempt was made by G.R.L. to pay the filing fee, and on March 4, 1983, the action was dismissed with prejudice by the Graham County Superior Court.

Although not made a part of the record before us, it appears that commencing on March 17, 1983, G.R.L. filed several motions seeking relief from the order of dismissal under Rules 55, 59 and 60 of the Arizona Rules of Civil Procedure. Following a hearing on these motions, the court entered an order on July 5, 1983, in which it expressly found no grounds for relief under the cited rules. The court proceeded, however, to grant relief from the mandatory dismissal provisions of § 12–407(E), reasoning as follows:

"... The Court finds that initially this action could have been brought in Maricopa County because the State of Arizona was a party and it was only after the State of Arizona was dismissed as a party that the action was in the wrong county. Therefore, the Court finds that this action was not initially brought in the wrong county and the Court is granting relief to the Plaintiffs and is hereby setting aside the previous Order made dismissing the case with prejudice."

The court further ordered that, upon payment by G.R.L. of the fees required by § 12–407(E), the action would be reinstated.

 The trial court clearly acted in excess of its jurisdiction in setting aside the order of dismissal. The language of A.R.S. § 12–407(E) is mandatory. Once the court found that the required fees had not been timely paid, it had no choice but to dismiss the action with prejudice. *Grigg v. Superior Court,* 137 Ariz. 270, 669 P.2d 1347 (1983). Further, we concur with the court's express finding that since G.R.L. had been repeatedly advised of its obligation to pay the fees and had knowingly failed to do so, no grounds existed under Rules 55, 59 or 60 for relief from the order of dismissal. The same conclusion is applicable to G.R.L.'s argument before this court that A.R.S. § 12–302 supports the court's order. G.R.L. has totally failed to show good cause for relief, as required by that statute in order to obtain relief from the consequences of nonpayment of fees.

 Even if the trial court's order is viewed as a reconsideration of the prior order of the Maricopa County Superior Court granting the change of venue, the court abused its discretion in so doing. Arizona courts have criticized the practice of reconsidering motions decided by another judge, when no new discovery has taken place or in the absence of new circumstances justifying a fresh examination. *Chanay v. Chittenden,* 115 Ariz. 32, 563 P.2d 287 (1977); *Union Construction Co., Inc. v. Beneficial Standard Mortgage Investors,* 125 Ariz. 433, 610 P.2d 67 (App.1980); *see also State ex rel. Herman v. Hague,* 10

Ariz.App. 404, 459 P.2d 321 (1969); *Williams v. Garrett,* 4 Ariz.App. 7, 417 P.2d 378 (1966). The fact that a party is faced with a dismissal of his action as a result of his unexcused failure to comply with the applicable statutes does not constitute new circumstances which would justify reconsideration of the prior order. In light of G.R.L.'s failure to seek reconsideration in Maricopa County or from the Court of Appeals by way of special action, reconsideration at the eleventh hour in Graham County was especially unwarranted.

 It appears that the trial court reconsidered the matter on precisely the same record that was before the Maricopa County Superior Court at the time the change of venue was ordered. Nothing in that record would support a determination that this action could properly have been brought in Maricopa County. Although the controverting affidavit filed by G.R.L. in response to the motion for change of venue states that many of the acts which are the subject of the suit occurred in Maricopa County, neither the complaint nor the affidavit alleges any specific facts in support of this conclusory statement.

 The basis for G.R.L.'s contentions regarding venue appears to be that Maricopa County is the proper venue where the state is named as a defendant because it is the location of the seat of government, and the place where the state "resides." These contentions are without merit. The fundamental rule of the venue statutes is that suit must be brought in the county in which the defendant resides except as otherwise provided therein. A.R.S. § 12–401. While it is true that one of those exceptions requires that suits *on behalf of* the state be brought in the county in which the seat of government is located, nothing in the statute requires that suits *against* the state be brought in Maricopa County. *See* A.R.S. § 12–401(17). To the contrary, the fact that the state is expressly authorized to require the transfer of contract and negligence actions against it to Maricopa County clearly implies that in the absence of a request for change, venue in other counties is not improper. *See* A.R.S. § 12–824; *Ford Motor Company v. Superior Court*

*in and for County of Maricopa,* 125 Ariz. 112, 608 P.2d 49 (App.1979). In the absence of any specific statutes providing otherwise, venue in actions against the state must be determined with reference to the provisions of A.R.S. § 12–401. In this instance, the defendants other than the state filed affidavits in support of their motion for change of venue stating that they were all residents of Graham County, and that the contract which was the subject of the suit was entered into and was to be performed in Graham County. G.R.L.'s bald assertion that many of the acts in question took place in Maricopa County was insufficient to controvert the petitioners' affidavit or to support a finding that Maricopa County was a proper venue in the first instance.

The trial court's order is vacated, and the cause is remanded with directions to the trial court to dismiss the action with prejudice.

HOWARD, C.J., and HATHAWAY, J., concur.