687 P.2d 1257

James **LEMONS** and Penelope Lemons, husband and wife, Petitioners,

v.

The **SUPERIOR COURT OF GILA COUNTY,** Arizona; and the Honorable **Barry DeRose,** Judge of the Superior Court of the State of Arizona in and for the County of Gila, Respondents,

and

**ARIZONA STATE BOARD OF DIRECTORS FOR COMMUNITY COLLEGES,** a public body corporate; Navajo County Community College District, a political subdivision; Northland Pioneer College, a community college; Gellen Atwood and Perry C. Atwood, wife and husband, Real Parties in Interest.

No. 17153–SA.

Supreme Court of Arizona, En Banc.

June 5, 1984.

Mangum, Wall, Stoops & Warden by Daniel J. Stoops, Flagstaff, for petitioners.

Platt & Hall, P.C. by Mitchel D. Platt, St. Johns, for real parties in interest.

HOLOHAN, Chief Justice.

Petitioners James and Penelope Lemons seek by special action to set aside an order of the respondent judge which dismissed with prejudice their personal injury action for failure to file timely the venue transmittal fee required by A.R.S. § 12–407(E). We accepted jurisdiction.

On January 12, 1982, petitioners filed in Maricopa County Superior Court a civil action seeking damages for personal injury against the respondents-real parties in interest, Arizona State Board of Directors for Community Colleges, Navajo County Community College District, Northern Pioneer College District, Gellen Atwood and Perry C. Atwood. On January 26, 1982, some of the real parties in interest moved for a change of venue, seeking a change to either Navajo or Gila County. On March 8, 1982, the Honorable Noel A. Fidel granted the change of venue to Gila County which was the residence of the individual real parties in interest. Judge Fidel's minute entry granting the change of venue indicated that the change was granted pursuant to A.R.S. § 12–401.

The minute entry was entered on March 8th but was not received by the superior court clerk's mail distribution center until March 10, nor processed through the mail distribution center until March 11. The

minute entry was ultimately received by petitioners' counsel on March 15, eight days after its entry. The March 15 receipt of the minute entry constituted the first notice to petitioners of the change of venue.

On March 26, 1982, the real parties in interest filed in the Maricopa County Superior Court a motion to dismiss with prejudice the petitioners' civil action for their failure to pay the transmittal fee within the five days required by A.R.S. § 12–407(E). It is undisputed that up until that point petitioners had not paid the transmittal fee.

After a hearing on May 24, 1982, Judge Fidel denied the motion to dismiss with prejudice and ordered a clarification of the March 8 order "to reflect that change of venue is ordered pursuant to A.R.S. § 12–404" which clearly indicated that petitioners bore the burden of paying the transmittal fee. Judge Fidel specified a time within which petitioners were required to pay the fee; petitioners paid the fee and the case was transferred to Gila County. The real parties in interest challenged the denial of their motion to dismiss with prejudice by seeking special action relief from this court. We declined to accept jurisdiction.

Over ten months later, on August 10, 1983, the real parties in interest filed in the Gila County Superior Court a motion to dismiss petitioners' civil action with prejudice, again based on petitioners' failure to pay the venue transmittal fee within the five days required by § 12–407(E). Relying on *Grigg v. Superior Court*, 137 Ariz. 270, 669 P.2d 1347 (App.1983), which requires a strict application of § 12–407(E), the respondent judge dismissed the action with prejudice, stating that "[t]he language of our statute is mandatory and when the transfer fee is not timely paid, the trial judge had no alternative but to dismiss the action with prejudice." The instant petition for special action soon followed.

Petitioners attack the dismissal order on a number of grounds, but we accepted jurisdiction to decide two issues: whether the respondent judge had jurisdiction to decide the same motion previously decided by a different judge of the superior court, and whether A.R.S. § 12–302 authorizes a trial judge to extend the time for payment of the filing and transmittal fees required by A.R.S. § 12–407(E).

## THE MOTION

The general rule in Arizona is that a trial court should not reconsider a motion already decided by another superior court judge unless new circumstances are demonstrated by the movant. *Union Construction Co. v. Beneficial Standard Mortgage Investors*, 125 Ariz. 433, 610 P.2d 67 (App.1980). *See also, Chanay v. Chittenden*, 115 Ariz. 32, 563 P.2d 287 (1977). This rule is not a matter of jurisdiction but one of sound judicial policy unless a final judgment is involved. When a final judgment is involved one superior court judge has no jurisdiction to review or change the judgment of another superior court judge. *Fraternal Order of Police v. Superior Court*, 122 Ariz. 563, 596 P.2d 701 (1979). The respondent judge in this case was not attempting to change a judgment entered by another judge. He was, however, reviewing an issue previously ruled upon by another judge.

Did a substantial change in circumstances occur in this case that justified the respondent judge in reconsidering the second motion for dismissal? We believe there was. The changed circumstance was the intervention of an appellate court decision which construed the relevant statute, § 12–407(E). In substance the controlling law on the subject had been decided by an appellate court, and under the circumstances the respondent judge was acting within his jurisdiction and sound discretion in reviewing the matter anew in light of the appellate decision on the same point.

## § 12–407(E)

Since review was not sought in *Grigg v. Superior Court, supra,* this is the first opportunity we have had to consider A.R.S.

§ 12–407(E) and its relationship with A.R.S. § 12–302.

A.R.S. § 12–407(E) provides:

In a case in which a change of venue has been ordered pursuant to § 12–404, the plaintiff shall pay the transmittal fee of ten dollars within five days after the order directing the change. Also in such case the plaintiff shall pay, within thirty days from the date of the order for the change of venue, to the clerk of the court to which the action is transferred the fee required upon filing of a complaint as provided in subsection B of this section. *If the plaintiff fails to timely pay either the transmittal fee or the filing fee in the county to which the action is transferred, the court shall dismiss the case with prejudice.* (Emphasis added).

Generally the party applying for change of venue is required to pay the transmittal and filing fees. A.R.S. § 12–407(B) and (C). The plaintiff is required to pay those fees if the action was originally filed in the wrong county. If the plaintiff fails to pay on time, the statute requires a dismissal with prejudice. This court has not addressed § 12–407(E) before, but our Court of Appeals has on two occasions. *See Gila Valley Irrigation District v. Superior Court* (Ariz.App.1983) (No. 2 CA–CIV 4900, filed November 16, 1983) *review granted* April 10, 1984; *Grigg v. Superior Court,* 137 Ariz. 270, 669 P.2d 1347 (App.1983). Both decisions conclude that, when the plaintiff has failed to pay the required fees within the required time, the trial judge must dismiss the action with prejudice.

We note that there is another statute, A.R.S. § 12–302, which appears to conflict with A.R.S. § 12–407(E). A.R.S. § 12–302 provides:

The court or any judge thereof may for good cause shown extend the time for paying any court fees required by law or may relieve against a default caused by nonpayment of a fee within the time provided by law, but no fees paid shall be refunded.

While A.R.S. § 12–407(E), on its face and as interpreted by our court of appeals, requires a dismissal with prejudice for the failure to timely pay fees, A.R.S. § 12–302 grants the superior court discretion to extend the time for paying fees. *See Tahtinen v. Superior Court,* 130 Ariz. 513, 637 P.2d 723 (1981), *cert. denied,* 454 U.S. 1152, 102 S.Ct. 1021, 71 L.Ed.2d 308 (1982); *Sloatman v. Gibbons,* 104 Ariz. 429, 454 P.2d 574 (1969), *vacated and remanded on other grounds,* 402 U.S. 939, 91 S.Ct. 1624, 29 L.Ed.2d 107 (1971); *see also Trujillo v. Superior Court,* 134 Ariz. 355, 656 P.2d 644 (App.1982).

█ Based on this asserted conflict, the real parties in interest argue that because A.R.S. § 12–407(E) is more specific and more recent, it should govern to the extent a conflict exists. As a general proposition, it is true that the more recent, specific statute governs over the older, more general statute. *Pima County v. Heinfeld,* 134 Ariz. 133, 654 P.2d 281 (1982); *State v. Rice,* 110 Ariz. 210, 516 P.2d 1222 (1973). However, the Legislature has directed that all statutes shall be liberally construed to effect their objects and to promote justice. A.R.S. § 1–211(B).

█ In our attempt to harmonize these two statutes, we look to the legislative intent. To find the legislative intent we consider a number of factors, including the spirit and purpose of the law. *State ex rel. Flournoy v. Mangum,* 113 Ariz. 151, 548 P.2d 1148 (1976). Whenever possible a court should construe the meaning of several statutes so that effect can be given to all. *Dupnik v. MacDougall,* 136 Ariz. 39, 664 P.2d 189 (1983).

█ We believe that the two provisions, A.R.S. §§ 12–302 and 407(E), can be harmonized and both sections given effect. Whenever the plaintiff has failed "to timely pay" the transmittal or the filing fee the court shall dismiss the case with prejudice, but if a plaintiff can show good cause for the failure to pay the fees, the court may relieve the plaintiff of the failure to pay the fees. The purpose of A.R.S. § 12–407(E), to require that the plaintiff be re-

sponsible for improperly laid venue and bear the cost of the change in venue, is not defeated. The plaintiff remains liable for payment of the required fees. All that A.R.S. § 12–302 does is provide that when a good reason is shown the plaintiff may be allowed to pay the required fees within an extended time.

We conclude that the discretion found in A.R.S. § 12–302 applies to dismissals with prejudice entered pursuant to A.R.S. § 12–407(E). To the extent that *Gila Valley Irrigation District v. Superior Court, supra,* and *Grigg v. Superior Court, supra,* hold otherwise, they are overruled.

■ In the instant case Judge Fidel relieved the petitioners of their default in paying the required fees, and the judge granted additional time to pay the fees. The fees were paid thereafter. We hold that pursuant to A.R.S. § 12–302 the judge could relieve a plaintiff on the consequences of a failure "to timely pay" the transmittal or filing fee. Judge Fidel was satisfied that good cause had been shown for invoking his power under A.R.S. § 12–302, and we find no reason to question his discretion in that decision.

The petitioners' prayer for relief is granted. The order of the respondent judge dismissing Gila County Superior Court Cause No. CV 23899 with prejudice is vacated, and that cause is reinstated.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.