697 P.2d 681

**GILA VALLEY IRRIGATION DISTRICT, Scott L. Pace, Dennis Layton, and Ted Lee, individually and as members of the Board of Directors of Gila Valley Irrigation District, Petitioners,**

**v.**

**The SUPERIOR COURT of the State of Arizona In and For the COUNTY OF GRAHAM, and the Honorable Lloyd Fernandez and G.R.L. Construction, Inc., an Arizona corporation, real party in interest, Respondents.**

No. 17404–PR.

Supreme Court of Arizona,
En Banc.

March 12, 1985.

Reconsideration Denied April 23, 1985.

Fennemore, Craig, von Ammon, Udall & Powers by Kent A. Blake, Phoenix, Udall, Shumway, Blackhurst, Allen, Lyons & Davis by David K. Udall, Mesa, Anderson & Welker by Dudley S. Welker, Safford, for petitioners.

Alex A. Gaynes, Tucson, Michael A. Carragher, Safford, for respondents.

HOLOHAN, Chief Justice.

G.R.L. Construction Co. (GRL) sought review of the decision of Division Two of the Court of Appeals, *Gila Valley Irrigation District v. Superior Court in and for the County of Graham*, 144 Ariz. 302, 697 P.2d 695 (1983). We granted review and vacate the decision of the Court of Appeals.

This action entered the appellate courts when the defendants Gila Valley Irrigation District (Gila Valley) and three members of its Board of Directors sought special action relief in Division Two of the Court of Appeals from an order of the Superior Court of Graham County which set aside an order of dismissal of plaintiff's (GRL) action. The superior court order had been entered relieving the plaintiff of a dismissal of its action for failure to pay the filing fee required by A.R.S. § 12–407(E) for actions transferred to another county pursuant to a change of venue order. The Court of Appeals granted relief, ruling that the superior court had no jurisdiction to set aside a dismissal entered pursuant to A.R.S. § 12–407(E). The appellate court's ruling was made prior to our decision in *Lemons v. Superior Court of Gila County*, 141 Ariz. 502, 687 P.2d 1257 (1984), in which we held that the superior court, pursuant to A.R.S. § 12–302, could for good cause shown set aside a dismissal entered under A.R.S. § 12–407(E) and allow the plaintiff additional time to pay the required court fees. Our decision in *Lemons* does not end the matter in this case, however, because Gila Valley and the other petitioners in the Court of Appeals contend that the superior court acted without a showing of good cause in setting aside the dismissal.

Under *Lemons* the superior court has jurisdiction to relieve a plaintiff of a dismissal under A.R.S. § 12–407(E), but such relief must be based upon a showing of good cause. Was there a sufficient showing of good cause made by the plaintiff GRL?

The facts necessary for our determination are that in 1982 GRL filed a multiple count complaint in the Maricopa County Superior Court against the State of Arizona, Gila Valley and members of its Board of Directors, and numerous other defendants. The complaint alleged that Gila Valley and others had breached contracts with GRL by failing to pay for emergency flood control services performed by GRL for the benefit of the defendants at Gila Valley's request, that the defendants were negligent and wanton in their conduct, and that plaintiff was entitled to compensatory and punitive damages.

The State of Arizona moved to dismiss the complaint for failure to state a claim. upon which relief could be granted. The other defendants moved for a change of venue to Graham County pursuant to A.R.S. § 12–404 "for the reason that Maricopa County in which the action was brought is not the proper venue and ... Graham County is the place of residence of

the Defendants." A.R.S. § 12–404 provides that if an action is not brought in the proper county, the court nevertheless has jurisdiction to determine the action unless the defendant timely files an affidavit stating that the action is not in the proper county, stating the defendant's residence, and praying for transfer to the proper county. Defendants' attorney's affidavit attached to the motion stated that all the parties were Graham County residents and that all acts upon which the suit was brought occurred in Graham County.

GRL opposed both motions, arguing that the State of Arizona was an appropriate party defendant and that the State "resides" in Maricopa County where Phoenix, the state capital and seat of government, is located. Under A.R.S. § 12–401, paragraph 7, "[w]hen there are several defendants residing in different counties, action may be brought in the county in which any of the defendants reside." GRL urged that although the other defendants were not from Maricopa County, venue was appropriate in that county under A.R.S. § 12–401, paragraph 7.

The Maricopa County Superior Court judge assigned to the case first granted the motion to dismiss the State as a party, then granted the motion for change of venue, ordering the action transferred to Graham County for all other proceedings. The trial judge in his order suggested that counsel "pay special attention to A.R.S. § 12–407 as amended in 1982." A signed written judgment dismissing the State was filed pursuant to Rule 54(b), Arizona Rules of Civil Procedure, 16 A.R.S. Sometime later GRL filed a notice of appeal from this judgment which was dismissed by the Court of Appeals as untimely under Rule 9(a), Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

The case file involving the other defendants was forwarded to Graham County pursuant to the trial judge's order. On December 7, 1982 the clerk of the Graham County Superior Court sent a letter to GRL's attorney stating that they had received the file and continuing:

It is our understanding that you filed this case in the wrong county, and therefore under the provisions of A.R.S. § 12–407 as amended in 1982, the plaintiff shall pay, within 30 days from the date of the order for change of venue, the $20.00 filing fee.

Upon receipt of the filing fee we will file this case with our Court.

GRL did not pay the fee. On February 9, 1983, the Graham County clerk sent another letter to GRL's attorney containing the same information. GRL never paid the fee, and it is undisputed that GRL never made any attempt to pay the fee. On March 4, 1983, the Superior Court of Graham County issued an order dismissing the case with prejudice pursuant to A.R.S. § 12–407, subsection E, for failure to pay the fee.

GRL sought relief in the Graham County Superior Court from the order of dismissal, moving for reconsideration under Rules 55, 59, and 60, Arizona Rules of Civil Procedure, 16 A.R.S. The trial judge found that GRL was not entitled to relief under any of those rules. He nevertheless set aside the order of dismissal, finding that venue in Maricopa County had been proper initially when the State of Arizona was a party and that the Legislature intended the harsh provisions of A.R.S. § 12–407(E) to apply only to cases initially brought in the wrong county. GRL's counsel was ordered to pay the fee and on payment of the fee the action was ordered to be reinstated. The defendants Gila Valley and three members of its Board of Directors challenged that action of the trial judge by filing the present special action.

The argument has centered on whether the action by GRL was originally brought in the proper county. GRL has maintained that the joinder of the state as a party allowed the action to be maintained in Maricopa County because Maricopa County is the proper county for any action against the state unless otherwise provided by law.

It must be noted that in a contract or negligence action against the state the Attorney General may demand that the action

be transferred from the county where filed to Maricopa County. A.R.S. § 12–824 (re-numbered as A.R.S. § 12–822 by Laws 1984, Ch. 285, § 7); State v. Superior Court in and for the County of Pima, 120 Ariz. 273, 585 P.2d 882 (1978). The argument is advanced that a plaintiff need not wait for a demand by the Attorney General but should be able, in the first instance, to file the action against the state in Maricopa County. If the action against the state was properly brought in Maricopa County, pursuant to A.R.S. § 12–401(7) it was proper for the action to be maintained against the other defendants in Maricopa County.

The defendants contend that the state was never a proper party to this action because the state was immune from liability pursuant to A.R.S. § 26–314. Since the state was never a proper party the residence of the other defendants was the only proper consideration. *See Turner v. Superior Court,* 3 Ariz.App. 414, 415 P.2d 129 (1966).

The arguments raised by the parties need not be resolved in this action. The relevant consideration for the trial judge was whether there was good cause to set aside the dismissal and allow the plaintiff GRL additional time to pay the required fee. *See Lemons,* 141 Ariz. at 505–06, 687 P.2d at 1260–61. The record shows that there was not a specific finding that the action was filed in the wrong county. The Maricopa County trial judge referred to A.R.S. § 12–407 in his order granting a change of venue, but that section is not limited to changes of venue for filing in the wrong county. We are not certain what the trial judge had in mind in granting the change of venue. Under the state of the record we believe that there was sufficient confusion to justify the superior court judge's decision to allow the plaintiff additional time to file the required fee.

While we may question the judgment of counsel in allowing this case to be placed in jeopardy over the payment of a twenty dollar fee, we find no abuse of discretion in the actions of the trial judge.

The opinion of the Court of Appeals is vacated, and the relief sought by petitioners in their special action is denied.

GORDON, V.C.J., and HAYS, JAMES DUKE CAMERON and FELDMAN, JJ., concur.